The City of Topeka v. Fritz Durein.

No. 15,911.　(97 Pac. 967.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Appeal from Police Court—New Complaint.* Under a statute providing that "on the trial" of a cause appealed from the police court, "should the complaint be quashed or set aside for insufficiency, or for any other reason, the same may be amended or a new complaint filed" (Laws 1903, ch. 122, § 108a), it is competent for the district court to allow a new complaint to be filed before the trial and without any order having been made quashing or setting aside the original complaint.

2. ―――― *New Warrant.* In such a case, the defendant being under recognizance, no new warrant need be issued.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed October 10, 1908. Affirmed.

*F. G. Drenning,* city attorney, and *W. C. Ralston,* assistant city attorney, for appellee.

*J. S. Ensminger,* for appellant.

The opinion of the court was delivered by

MASON, J.: Fritz Durein was convicted in police court of violating a city ordinance. He appealed to the district court, where he was tried upon an amended complaint and again found guilty. He appeals to this court, and asks a reversal on two grounds: (1) Because such amendment was permitted, and (2) because, after it was made, no new warrant was issued.

In *City of Burlington v. James,* 17 Kan. 221, it was held that on appeal from police court the defendant could be tried only upon the original complaint, because the statute did not provide for its amendment, the court saying: "If the city has made a mistake in its prosecution, the only remedy is to dismiss its action, and commence anew in its own court." (Page 223.) Lately, however, the legislature has remedied this con-

dition by adding the following section to the act relating to cities of the first class, and applying the same provisions to other cities by a separate enactment (Laws 1905, ch. 336) :

"On the trial of said cause in the district court, should the complaint be quashed or set aside for insufficiency, or for any other reason, the same may be amended or a new complaint filed, in like manner as in appeals from justices of the peace." (Laws 1903, ch. 122, § 108*a*.)

In the present instance the original complaint was not quashed, no attack having been made upon it. The appellant contends that the statute quoted must be strictly construed; that it gives no authority to amend a complaint which is already sufficient; that a new complaint can only be filed after the old one has been set aside by the court for some sufficient reason. To adopt such an interpretation would be to adhere too closely to the letter of the act and to ignore its real purpose. The manifest object of the new legislation was to correct the defect of the law pointed out in the early decision, and to make the practice in the district court on appeal from a conviction for the violation of a city ordinance the same as though the prosecution were one for a misdemeanor begun before a justice of the peace. The provision of the statute in that regard is as follows:

"The district or criminal court shall hear and determine any cause brought by appeal from a justice of the peace upon the original complaint, unless such complaint shall be found insufficient and defective, in which event the court at any stage of the proceedings shall order a new complaint to be filed therein, and the case shall proceed thereon the same in all respects as if the original complaint had not been set aside." (Justices' Crim. Code, § 22.)

If read literally this seems to say that no amendment shall be made except when the original complaint is determined to be insufficient, but the language used in that connection plainly results from the assumption

that the prosecutor will not desire to change a pleading which is already without defect. It certainly was not intended to prevent any changes that might be considered advisable, even if not absolutely necessary, nor has it ever received such an interpretation. So in the case of the statute first quoted, the quashing of the original complaint is mentioned rather as the occasion for the exercise of the right of amendment than as a condition precedent to its existence. For reasons deemed by him sufficient the city attorney asked leave to file a new complaint, and, upon its being granted, did so. If the old complaint was sufficient the act was unnecessary, but in no way harmed the defendant.

A somewhat similar but even less plausible objection to the amendment is based upon the fact that it was made before instead of at the trial. This was a benefit rather than an injury to the defendant, and gave him no ground of complaint. Nor were his rights invaded by the omission to issue a new warrant, which could have had no other function than to bring him before the court which already had complete jurisdiction of his person in virtue of a recognizance which had not. spent its force.

The judgment is affirmed.