·(826 P.2d 527)

No. 66,715

CITY OF TOPEKA, *Appellee*, v. GWENDOLYN M. MAYER, *Appellant*.

Opinion filed February 14, 1992.

*William K. Rork*, of Topeka, for appellant.

*E. Bernard Hurd*, of Topeka, for appellee.

Before GERNON, P.J., ELLIOTT, J., and DAVID PRAGER, Chief Justice Retired, assigned.

ELLIOTT, J.: Gwendolyn M. Mayer appeals her conviction of violating Topeka City Ordinance § 8-45(a)(2) (1991), which prohibits a dog owner from permitting a dog to attack or bite any person upon the owner's premises.

We affirm.

Tayha Fager, a mail carrier, delivered mail to the Mayer residence. As she was leaving the property, a German Shepherd dog ran from the garage and allegedly attacked and bit Fager.

Mayer was originally charged with allowing her dog to run at large and with permitting her dog to bite a person *not* upon the premises of the owner. The municipal court found her guilty on both charges.

On appeal, the district court permitted the City to amend the complaint to charge permitting a dog to bite a person *upon* the premises of the owner. At trial, Fager testified that Mayer told her there had been previous problems with the dog. Mayer testified that as the dog approached Fager, Fager "jammed her arm in the dog's mouth."

The district court dismissed the dog-at-large charge and found Mayer guilty of permitting a dog to bite a person while on her premises.

Mayer contends the district court should not have allowed the City to amend the complaint prior to trial to charge an attack committed *on* the premises of the owner, rather than *off* the owner's premises.

When cases are tried in district court de novo after a municipal court proceeding, the original pleadings may be amended if they are found to be defective. K.S.A. 22-3610(a).

Black defines defective pleadings as "complaint, answer, cross-claim, counterclaim, etc. which fail to meet minimum standards of sufficiency or accuracy in form or substance. Such defects may usually be cured by amendment." Black's Law Dictionary 418 (6th ed. 1990).

The City contends the original complaint was defective because it failed to accurately set forth an essential element of the charge: It stated that the dog was off, rather than on, the owner's premises at the time of attack.

There are few Kansas cases which address appeals to district court from municipal court. But in *Topeka v. Durein*, 78 Kan. 661, 97 Pac. 967 (1908), our Supreme Court interpreted a precursor to K.S.A. 22-3610. After considering a 1903 statute dealing with appeals from police court and a statute covering appeals from justices of the peace, the court held that the district court on appeal may allow a new complaint to be filed before trial

without any order having been made quashing or setting aside the original complaint. 78 Kan. at 662-63.

Additionally, because defendant was properly before the district court, issuance of a new warrant was not necessary. 78 Kan. at 663. The *Durein* court's ruling that the prosecution may amend a complaint virtually at will between trial at the municipal court level and district court level applies to the present case.

*State v. Osburn*, 216 Kan. 638, 533 P.2d 1229 (1975), also supports the City's position that it was fine to amend the complaint before Mayer's trial de novo in district court.

On trial de novo, Mayer was not charged with a different crime, but with an alternative method of violating the ordinance against attack by dogs. Under *Durein* and *Osburn*, the City had liberal authority to amend the complaint against Mayer prior to trial.

Mayer next contends she was subjected to double jeopardy because she was convicted of separate crimes for the same conduct in municipal court and district court.

The complaint against Mayer was permissibly amended prior to the district court trial. She was not tried for two separate crimes for the same conduct. Her double jeopardy claim has no merit.

Mayer also argues that Topeka City Code § 8-45 is unconstitutionally vague. We disagree.

Topeka City Code § 8-45 states in pertinent part:

"(a) Prohibited. It is unlawful for any owner, harborer, keeper or possessor who keeps any dog within the city limits to allow the following, and the same are declared to be public nuisances and prohibited:

"(1) To permit such dog to attack or bite any person or animal that is not upon the premises of the owner, harborer, keeper or possessor.

"(2) To permit such dog to attack or bite any person or animal that is upon the premises of the residence of such owner, harborer, keeper or possessor."

Mayer contends that "permit" is not adequately defined in the statute and therefore the ordinance is unconstitutionally vague.

A penal statute or regulatory ordinance will be void for vagueness "unless its language conveys a sufficiently definite warning of the conduct proscribed when measured by common understanding and practice." *City of Wichita v. Wallace*, 246 Kan. 253, 258, 788 P.2d 270 (1990). Further, it is our duty to uphold an

ordinance if there is any reasonable way to construe it as constitutionally valid. *State v. Huffman*, 228 Kan. 186, Syl. ¶ 1, 612 P.2d 630 (1980).

"To permit" commonly means to give consent, to authorize, to make possible, or to give an opportunity. See Webster's Third New International Dictionary 1683 (1986); Black's Law Dictionary 1140 (6th ed. 1990).

The word "permit" makes the ordinance broad, but not necessarily vague. It prohibits an owner from commanding a dog to attack, as well as inadequately restraining a dog and thereby giving it an opportunity to attack.

In *Hearn v. City of Overland Park*, 244 Kan. 638, 772 P.2d 758, *cert. denied* 493 U.S. 976 (1989), the court upheld an ordinance regulating the ownership of pit bulls within the city. In upholding the ordinance, the court ruled it must be shown to be vague " 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " 244 Kan. at 641.

In the present case, Topeka City Code § 8-45 does not limit constitutionally protected conduct. The ordinance is somewhat imprecise, but it does not fail to specify *any* standard of conduct. Simply put, if an owner fails to restrain a dog and the dog attacks a person on or off the owner's property, and the specified exceptions and affirmative defenses are absent, then the ordinance is violated.

Laws regulating ownership and possession of dogs are within the city's police power. See *Hearn*, 244 Kan. at 645-46. And scienter is not required for such offenses. See *State ex rel. v. Fairmont Foods Co.*, 196 Kan. 73, 81, 410 P.2d 308 (1966).

While the ordinance may be imprecise, it gives sufficient warning to a person of average intelligence that a person responsible for a dog will be held liable if he or she allows the dog to attack another person. This is sufficient to withstand a constitutional challenge; the ordinance passes constitutional muster.

Finally, Mayer argues the evidence is insufficient to support a conviction beyond a reasonable doubt. The question on appeal is whether a review of all the evidence, when viewed in the light most favorable to the prosecution, convinces us that a rational

factfinder could have found defendant guilty beyond a reasonable doubt. *State v. Graham*, 247 Kan. 388, 398, 799 P.2d 1003 (1990).

Mayer contends there is no evidence that she directed, commanded, or gave the dog permission to attack Fager. But as discussed above, merely giving her dog the opportunity to attack Fager is within the definition of "permit."

There was evidence at trial that the dog belonged to Mayer; that the dog was unrestrained in the garage; and that the dog bounded from the garage, knocked Fager to the ground, and bit her arm. This is sufficient to support Mayer's conviction.

Affirmed.