No. 79,088

STATE OF KANSAS, *Appellant*, v. JOHN M. LARSON, *Appellee*.

(958 P.2d 1154)

Opinion filed May 29, 1998.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: The Johnson County District Court convicted John M. Larson of driving under the influence, in violation of K.S.A. 1997 Supp. 8-1567(a). The district court subsequently granted defendant's motion for arrest of judgment, finding that the State's failure to plead the crime severity level in the amended complaint was fatal to the conviction.

The underlying facts show that on June 15, 1996, a Johnson county deputy sheriff arrested defendant, issuing a citation for driving under the influence. On the traffic citation, the officer alleged that defendant had violated "08-1567 A2," and he marked the "Misdemeanor" box. Defendant was tried and convicted in traffic court and sentenced, as a first offender, to 120 days in the custody of the sheriff with a minimum of 48 hours served in jail. Additionally, he was fined $200 and ordered to pay court costs and fees. On October 31, 1996, defendant appealed this conviction to the district court.

On November 1, 1996, the State filed an amended complaint, charging defendant as follows:

"I, Jacquelyn E. Ulrich, Assistant District Attorney of said County, being duly sworn on oath state to the Court that on or about the 15th day of June, 1996, in the County of Johnson and State of Kansas,

JOHN M. LARSON

did then and there unlawfully operate or attempt to operate a vehicle: while under the influence of alcohol and/or drugs to a degree that rendered the person incapable to safely drive the vehicle; or in the alternative; with an alcohol concentration in his blood or breath of .08 or more, within 2 hours of operating the vehicle, in violation of K.S.A. 8-1567(a)(1)(2)(3)(4)(5).

/s/Jacquelyn E. Ulrich"

On February 3, 1997, defendant was tried de novo in the district court and convicted of driving under the influence based on evidence that defendant had an alcohol concentration in his blood or breath of .08 or more within 2 hours of operating the vehicle. The sufficiency of such evidence is not at issue in this appeal. However, immediately after the court pronounced defendant guilty, defendant indicated that there was a lawful reason why he could not be sentenced. This was followed by a timely motion to arrest judgment, which contended: (1) The complaint was fatally defective because the State failed to include the crime severity level in the amended complaint; and (2) accordingly, the court did not have jurisdiction to convict him of the offense.

On March 17, 1997, relying on *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996), the district court issued a memorandum decision granting defendant's motion, setting aside the judgment, and dismissing the complaint.

On March 26, 1997, the State filed a motion to reconsider, arguing that it had never attempted to prosecute defendant for anything other than the minimum crime severity level, a class B misdemeanor; therefore, the error was not prejudicial and the complaint was not fatally defective.

On April 17, 1997, the district court issued a memorandum decision denying the State's motion to reconsider, concluding, in part:

"8. Does leaving the criminal classification off the complaint mean the court has no jurisdiction as defendant asserts? The Supreme Court has found that lack of an element in the charge affects jurisdiction. The court would lack subject matter jurisdiction and the conviction would be void. *State v. Shofler*, 9 Kan. App. 2d 696 (1984). But *Masterson* is clear that the criminal classification is required but not an element of the offense of DUI.

"9. The State urges that because it only seeks to sentence the defendant for the lowest level of DUI offense, a class B misdemeanor, the defendant is not

prejudiced by the omission. Defendant certainly would have known that under K.S.A. 8-1567 he was charged with at least a class B misdemeanor and subject to at least the penalties set forth for a first offense DUI.

"10. The court therefore finds that the complaint in this case was defective because it did not contain the criminal classification charged. The court further finds that the failure to allege the criminal severity classification is jurisdictional and the conviction of the defendant should be set aside as void."

The State appealed pursuant to K.S.A. 22-3602(b). Defendant filed no appellate brief.

This case involves a question of law, and our standard of review is unlimited. See *Masterson*, 261 Kan. at 161; *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996).

Defendant was charged and convicted under K.S.A. 1997 Supp. 8-1567, which provides, in part:

"(a) No person shall operate or attempt to operate any vehicle within this state while:

. . . .

"(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more;

. . . .

"(d) Upon a first conviction of a violation of this section, a person shall be guilty of a class B, nonperson misdemeanor and sentenced to not less than 48 consecutive hours nor more than six months' imprisonment, or in the court's discretion 100 hours of public service, and fined not less than $200 nor more than $500. . .

"(e) On a second conviction of a violation of this section, a person shall be guilty of a class A, nonperson misdemeanor and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. . . .

"(f) On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. . . ."

K.S.A. 1997 Supp. 22-3201 outlines the requirements of a formal complaint:

"(a) Prosecutions in the district court shall be upon complaint, indictment or information.

"(b) The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which

complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense. An indictment shall be signed by the presiding juror of the grand jury. An information shall be signed by the county attorney, the attorney general or any legally appointed assistant or deputy of either. A complaint shall be signed by some person with knowledge of the facts. Allegations made in one count may be incorporated by reference in another count. The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule and regulation or other provisions of law which the defendant is alleged to have violated. Error in the citation or its omission shall be not [*sic*] ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant.

"(c) When relevant, the complaint, information or indictment shall also allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale."

We are now confronted with the question of whether the State's failure to allege the crime severity level in a complaint is fatal to a valid conviction.

In *Masterson*, 261 Kan. 158, the defendant was also convicted of driving under the influence in violation of K.S.A. 1995 Supp. 8-1567. There, the complaint had initially alleged the severity level as " '[K.S.A.] 8-1567 Class A or B misdemeanor or Severity Level 9 Felony, to be determined at sentencing.' " 261 Kan. at 159-60. At the bond hearing, the judge asked if the State would be trying an A misdemeanor, B misdemeanor, or severity level 9 felony offense. When the State responded that it would be trying a B misdemeanor, the complaint was amended by crossing out " 'A' " and " 'Severity Level 9 Felony, to be determined at sentencing.' " 261 Kan. at 160. Masterson was convicted of driving under the influence. Later, at sentencing, the State requested that Masterson be sentenced as a second offender. The district court denied the request and sentenced Masterson as a first offender. The State appealed.

On appeal, the State argued that K.S.A. 22-3201 does not require that the State give a defendant notice of the severity level of the driving under the influence offense being charged under 8-1567 and that the level of offense is only important at the time of

sentencing. We disagreed. We first noted that K.S.A. 22-3201(c) directs that the complaint allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale. While we concluded that the inclusion of the crime classifications in subsections (d), (e), and (f) does not make prior driving under the influence convictions elements of the offense of driving under the influence, we also stated that "[the defendant] should have the right to know before trial the severity level of the crime being charged." 261 Kan. at 164. Does this language in *Masterson* mean that a failure to allege the crime severity level in the complaint is fatal to a valid conviction? We think not; however, we do find that this language in *Masterson* requires some clarification.

In *Masterson*, defendant was convicted on a complaint alleging a crime severity level of a B misdemeanor. At the sentencing hearing, the State sought to have the defendant sentenced for an A misdemeanor, which would result in "upping the ante" after conviction. The result in *Masterson* was a determination that, under such circumstance, the trial court was correct in sentencing the defendant as a B misdemeanant.

In the case before us the amended complaint was silent as to the crime severity level. The amended complaint was dismissed after conviction, but prior to sentencing. The State contends it had no intention of seeking sentencing for a level other than a B misdemeanor. There is no evidence of any contrary intent. Indeed, this position is consistent with defendant's prior conviction and sentencing in this same case in traffic court. In summary, no attempt to "up the ante" after conviction is involved in the case herein.

As noted in *Masterson*, the crime severity level is not an essential element of driving under the influence. The State's failure to include a crime severity level in the amended complaint does not render the conviction void. Rather, it restricts the sentence to that appropriate to a B misdemeanor, the lowest crime severity level for the offense of driving under the influence. The language in

*Masterson* is hereby clarified accordingly. The district court's order arresting judgment is reversed, and the case is remanded for sentencing consistent with this opinion.

Reversed and remanded with instructions.