(65 P.3d 547)

No. 88,353

CITY OF WICHITA, KANSAS, A MUNICIPAL CORPORATION, *Appellant*, v. CHRISTOPHER J. MARLETT, *Appellee*.

Opinion filed March 28, 2003.

*Sharon L. Dickgrafe*, assistant city attorney, and *Gary E. Rebenstorf*, city attorney, for appellant.

No appearance by appellee.

Before BEIER, P.J., WAHL, S.J., and PADDOCK, S.J.

BEIER, J.: The City of Wichita seeks reversal of the district court's decision disallowing amendment of its complaint against defendant Christopher J. Marlett after he appealed his municipal conviction to the district court.

We must decide whether the City's failure to include the severity level for its original charge of driving under the influence (DUI)

dooms its later attempt to include the appropriate severity level in the district court proceeding. We have jurisdiction pursuant to K.S.A. 2002 Supp. 22-3602(b)(3), because this issue is one of state-wide interest reserved by the prosecution.

Resolution of this case requires interpretation of K.S.A. 22-3610. We thus have unlimited review. See *State v. Murry*, 271 Kan. 223, 224, 21 P.3d 528 (2001).

K.S.A. 22-3610(a) states:

"When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint, *unless the complaint shall be found defective*, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside." (Emphasis added.)

In other words, if a complaint that fails to allege the appropriate severity level for a DUI charge is "defective," the City was entitled to amend the complaint against Marlett on appeal to the district court. If not, the City was properly forced to live with its mistake.

The district court relied on *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996), and *State v. Larson*, 265 Kan. 160; 958 P.2d 1154 (1998), to rule that the City's original complaint had not been defective. The judge also ruled that allowing the City to amend its complaint would violate Marlett's due process rights based on *Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628, 945 S. Ct. 2098 (1974).

In *Masterson*, the State charged the defendant with violation of "[K.S.A.] 8-1567 Class A or B misdemeanor or Severity Level 9 Felony, to be determined at sentencing." At the bond hearing, the State said it would be trying a B misdemeanor and amended its complaint to reflect this plan. At sentencing, the State asked the court to sentence the defendant as a second offender, *i.e.*, as if he had been convicted of a class A misdemeanor, because it had learned the defendant had a prior DUI diversion at the time the complaint was filed, and the defendant's record of prior offenses should be relevant only for determining the severity level of the crime charged. The district court disagreed and sentenced the defendant for a class B misdemeanor.

The State appealed, arguing the defendant should have been sentenced as a second-time offender. The Kansas Supreme Court affirmed. Although proof of a prior conviction was not an element of the offense, "a defendant is entitled under due process to notice in the information or complaint of the severity level of the DUI offense being charged . . . ." 261 Kan. at 163.

The holding in *Masterson* was extended to charges and convictions in municipal court and their appeals in *City of Dodge City v. Wetzel*, 267 Kan. 402, 410, 986 P.2d 353 (1999). There, the Kansas Supreme Court effectively reversed the district court's decision to grant the City of Dodge City's motion to correct the defendant's sentence for DUI from that due a first-time offender to that due a second-time offender, even though the City had not given notice of the severity level of the crime charged. 267 Kan. at 410.

Next, in *Larson*, the Kansas Supreme Court clarified the implications of *Masterson* when the defendant's motion to arrest judgment was granted because the State had failed to plead the severity level of his DUI offense. The State argued it had never attempted to prosecute the defendant for anything other than the lowest level of DUI offense, a class B misdemeanor; thus the defendant was not prejudiced by the omission. The Kansas Supreme Court agreed and held: "The State's failure to include a crime severity level in the amended complaint does not render the conviction void. Rather, it restricts the sentence to that appropriate to a B misdemeanor, the lowest crime severity level for the offense of driving under the influence." Thus, the district court's arrest of judgment was reversed. 265 Kan. at 164-65.

In apparent response to *Larson*, the City argues that K.S.A. 22-3610 does not require that a complaint be fatally or constitutionally defective, *i.e.*, void, to allow amendment. Rather, the statute regards more minor defects as correctable by amendment. The City relies on a case from the beginning of the 20th century, *Topeka v. Durein*, 78 Kan. 661, 97 Pac. 967 (1908), in which the defendant was convicted in "police court." He appealed to the district court and was tried on an amended complaint and found guilty a second time. The defendant again appealed, arguing such an amendment was not permitted.

At that time, the statute governing amendment of the complaint on appeal stated: " 'On the trial of said cause in the district court, should the complaint be quashed or set aside for insufficiency, or for any other reason, the same may be amended or a new complaint filed, in like manner as in appeals from justices of the peace.' [Citation omitted.]" The defendant contended the statute should be strictly construed and the City should not be allowed to amend a complaint that was sufficient or that had not been set aside.

The court ruled against the defendant, stating he was not harmed by the amendment and commenting on the statute:

"If read literally, this seems to say that no amendment shall be made except when the original complaint is determined to be insufficient, but the language used in that connection plainly results from the assumption that the prosecutor will not desire to change a pleading which is already without defect. It certainly was not intended to prevent any changes that might be considered advisable, even if not absolutely necessary, nor has it ever received such an interpretation." 78 Kan. at 662-63.

We find *Durein* less than persuasive, given its age and the variation in statutory language.

Our court has defined a defective complaint as one that fails to " 'meet minimum standards of sufficiency or accuracy in form or substance.' " *City of Topeka v. Mayer*, 16 Kan. App. 2d 567, 568, 826 P.2d 527, *rev. denied* 250 Kan. 804 (1992). The *Mayer* court held that while on appeal to the district court, the City of Topeka could amend its complaint to change language indicating the defendant's dog bit a person *off* the defendant's premises to indicate the bite occurred *on* the defendant's premises to conform to the evidence. This fatal defect could be corrected.

This does not get the City where it wants to go in the case at bar. The original complaint against Marlett met "minimum standards of sufficiency or accuracy." It merely could have been more complete or descriptive.

We also note that the language regarding amendment in K.S.A. 22-3610(a) is permissive. A district court *may* order a new complaint to be filed; it need not. This indicates such an order would be discretionary, see *State v. Woods*, 250 Kan. 109, Syl. ¶ 4, 825 P.2d 514, *cert. denied* 506 U.S. 850 (1992), and we will not find

an abuse of discretion unless "judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying . . . only if no reasonable person would take the view adopted by the trial court." *Woods*, 250 Kan. 109, Syl. ¶ 5.

Here, the record demonstrates the district court had good reason to refuse to allow the City's amendment. At the hearing on the City's motion, the district court learned why the City had not included the severity level when the case was in municipal court. According to the prosecutor, the City had no system in place to verify that defendants were charged correctly before they entered pleas.

"[P]eople can run in, plead guilty right away on a Complaint that does not allege a second [DUI conviction]. . . . They may know that they have prior . . . DUIs, so they run in, they plead to a first, appeal it, and then it can never . . . be amended at that point . . . , and that defeats the whole argument for enhanced sentencing. The worst of the worst . . . get off, basically get a benefit from this . . .

. . . .

"Pleas are taken on dockets where prosecutors don't even appear. They can be made at first appearance. . . . [A]ll you have is what's written on the Complaint that's made out by the officer in the case of the traffic ticket. I suppose there could be some sort of requirement that everything has to be filtered through, placed on a docket, no pleas will be taken until everything's had a chance to be investigated . . . ."

In other words, in Wichita, all second-time DUI offenders who simply plead guilty and do not appeal are apt to receive a lesser sentence than that required by statute, while those who have the audacity to contest the charge in municipal court and/or appeal a conviction to district court are subject to the background investigation that should have been done by the City in the first place, as well as the more serious charge and sentence to which such an investigation exposes them. The district court's conclusion that this system requires attention and improvement is reasonable, as was its decision to motivate change by exercising its discretion to deny the amendment.

Because we agree with the district court's holding that the original complaint was not "defective" under the statute as that term is currently understood, and because the district court's exercise of

its discretion to deny the amendment was reasonable, we need not reach the second argument on appeal regarding constitutional due process.

Affirmed.