NOT DESIGNATED FOR PUBLICATION

No. 113,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

FEDERICO CABALLERO,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 13, 2016. Reversed and remanded with directions.

Kevin J. Zolotor, of O'Hara & O'Hara LLC, of Wichita, for appellant.

Jan Jarman, assistant city attorney, for appellee.


Before STANDRIDGE, P.J., PIERRON, J., and JOHNSON, S.J.


*Per Curiam*: Federico Caballero appeals from his conviction of a City of Wichita municipal ordinance violation after a trial de novo in his municipal court appeal to the district court. He contends that the district court erred when it allowed the City to amend the original municipal court complaint to charge him with a different violation than the violations charged in that original complaint. He further contends that the court erred when it convicted and sentenced him for that different offense. We agree with Caballero. We reverse Caballero's conviction and remand the case to the district court for further proceedings under the original, unamended, complaint.

1

Wichita police arrested Caballero after he made contact with a woman who turned out to be an undercover police officer involved in a "john sting" anti-prostitution operation. Although the original complaint filed in the municipal court is not in the record on appeal, it is undisputed that the City initially charged Caballero with hiring a person selling sexual relations who was 18 years of age or older, contrary to Wichita City Ordinance 5.68.020(b), and doing so in an anti-sex trafficking emphasis area, contrary to Wichita City Ordinance 5.68.215. In municipal court, by agreement, Caballero pled no contest to an amended charge of soliciting for immoral purposes, contrary to Wichita City Ordinance 5.68.110(a). The City dismissed the other count. On October 16, 2014, the municipal judge imposed sentence. Caballero immediately appealed to the district court.

After various delays and defense continuances the district court called the case for a de novo bench trial on April 15, 2015. The district court asked the parties if there were any preliminary matters to address before commencing the trial. The prosecutor requested that the district court allow the City to prosecute Caballero on the amended charge of conviction in municipal court rather than on the counts charged in the original complaint. The prosecutor said the City had decided that prosecuting Caballero for solicitation was "a more appropriate charge" than the original count of hiring a person selling sexual relations. The prosecutor acknowledged that ordinarily, pursuant to K.S.A. 22-3610, the district court trial of an appeal from the municipal court would be on the charges in the original complaint unless that complaint was found defective. Nevertheless, the prosecutor reiterated that an amended charge of soliciting was more appropriate, and contended that the amendment could not result in unfair surprise to Caballero because he pled to that offense in municipal court.

Caballero's counsel resisted that request in no uncertain terms. Counsel asserted that, under K.S.A. 22-3610, the City did not have authority to seek an amendment to the original complaint unless it was defective. Counsel pointed out that an amendment to charge a "more appropriate" offense would not be one correcting a defective complaint.

2

Counsel further argued that the defense was ready for trial on the original complaint and the City's claim of lack of prejudice to the defense was not a proper issue for the court to consider. Finally, counsel insisted that because the original complaint was not defective, trial must be on the counts charged in the original complaint.

The district court ruled:

"K.S.A. 22-3610, the intent of that statute is to avoid exactly . . . what you've pointed out. You know, I'm charged with a more serious offense, I enter into a plea bargain or for a lesser offense, then turn around and appeal it and you know, say hey, the only thing you can appeal is what I was found guilty of. Because that would undercut the plea bargain process and make it impossible to plea bargain in a municipal court case. So that's the intent of that.

"This isn't an intent to keep a court from allowing an amendment of a complaint or doesn't apply. I'm going to find it doesn't apply to a situation where there's an agreement to plea to a *similar change that is just differently filed*. So I'm going to find that we'll proceed under the statute, the 5.68.110 as amended. And beyond that, even if it's like well, gee, no, 22-3610 doesn't allow that, I will give leave to the [C]ity to amend the complaint." (Emphasis added.)

Caballero's counsel continued to state objections, urging the court to note that, if allowed, the court would be permitting the City to charge a "new or different" offense from those charged in the original complaint. Citing to and then reading K.S.A. 22-3201, counsel submitted that a charge could be amended at any time before verdict only "if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." Counsel insisted that the amended charge was in fact a different offense and the court therefore had no authority to allow such an amendment.

The district court rejected defense counsel's argument, stating "the prosecutor's entitled to amend the complaint at any time up through a verdict."

3

Defense counsel next requested a trial continuance, asserting he and his client had prepared for trial on the original charges but were not ready for trial on the amended count. The prosecutor objected. The district court allowed a brief recess but denied a continuance. After hearing the City's evidence the district court found Caballero guilty of solicitation under the amended complaint. It sentenced Caballero to jail for 6 months but suspended that sentence, placing Caballero on probation to adult probation for 12 months. It also imposed a $300 fine.

Caballero timely appealed. On appeal he argues that the district court erred when it convicted and sentenced him on the amended charge. He renews his claims that the district court could only conduct the de novo trial on the charges in the original complaint, and that permitting the amendment of the complaint was contrary to any applicable statute. Because we agree, we do not reach his other claims of error.

*Standard of review*

We review a district court's ruling allowing the amendment of a complaint or information for an abuse of discretion. *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). Judicial discretion is abused when a judicial action was arbitrary, fanciful, or unreasonable, or because it was based on an error of law or on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party claiming an abuse of discretion bears the burden of proving that abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

To the extent that we must interpret a statute, our review is unlimited. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014). The primary rule of statutory interpretation is that the intent of the legislature governs if that intent can be ascertained. We are to presume that the legislature expressed its intent in the statutory language it used. We give ordinary words their ordinary meanings without adding

something that is not stated in the statute or eliminating something that is stated. See *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007); *State v. McElroy*, 281 Kan. 256, 262, 130 P.3d 100 (2006).

*K.S.A. 22-3610(a) controls in an appeal from a conviction in municipal court*

When a municipal court finds a defendant guilty of violating an ordinance of a Kansas municipality, the defendant has a statutory right to appeal to the district court of that county. K.S.A. 2015 Supp. 22-3609(1). K.S.A. 22-3610(a) establishes the procedure for disposition of such an appeal to the district court:

> "When a case is appealed to the district court, such court shall hear and determine the cause *on the original complaint*, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried de novo in the district court." (Emphasis added.)

When a municipal court conviction is appealed that conviction is conditionally vacated pending the resolution of the appeal. *City of Salina v. Amador*, 279 Kan. 266, 274, 106 P.3d 1139 (2005). The district court does not conduct a review of the proceedings in the municipal court or its previous orders or judgments. *State v. Legero*, 278 Kan. 109, 114, 91 P.3d 1216 (2004). Rather, the prosecution starts over based on the original complaint, and the trial on that complaint is de novo. K.S.A. 22-3610(a); see *City of Wichita v. Maddox*, 271 Kan. 445, 449, 24 P.3d 71 (2001).

The City concedes that K.S.A. 22-3610(a) "mandates a [de novo] trial be based on the original complaint." But it contends that the legislature failed to define "original complaint," and suggests that "original complaint means the complaint upon which the defendant was found guilty [in municipal court], unless those charges were reduced by plea bargain." It contends that Caballero's complaint was amended in municipal court not

pursuant to a plea bargain, "but because the prosecutor felt the [amended] charge better described the activity, which happened to be a Class B instead of Class A."

The City cites cases on which it purports to base its argument, but it claims support not from the holdings in the cases but from the way it distinguishes the facts in those cases from those here. None of those cases, though, or the City's efforts to distinguish them, supports the City's position. The City acknowledges that in *State v. Burkett*, 231 Kan. 686, 648 P.2d 716 (1982), our Supreme Court explained why the de novo trial on appeal was on the original complaint rather than the count of conviction:

> "To hold that the prosecutor may not do so [reassert the original charges] would permit a defendant to secure the benefit of his [or her] plea bargain—reduced charges—and also to have a trial on those charges rather than to enter nolo contendere pleas as agreed. The State would lose the entire benefit of its bargain; it would realize no convictions, and it would face the time and expense of trial on the reduced charges. Defendant would have everything to gain and nothing to lose, the 'heads-I-win-tails-you-lose' gamble described in *United States ex rel. Williams* [*v. McMann*, 436 F.2d 103 (2d Cir. 1970), *cert. denied* 402 U.S. 914 (1971)]." 231 Kan. at 693.

*Burkett* supports the literal reading of K.S.A. 22-3610(a) advanced by Caballero. *Burkett* does not support the convoluted reading of "original complaint" the City urges, especially with its requirement that the district court delve into the prosecutor's motivation for amending a charge in the municipal court to determine whether the resulting complaint is or is not to be deemed "original."

The City also cites us to *City of Wichita v. Marlett*, 31 Kan. App. 2d 360, 65 P.3d 547 (2003). In that case our court affirmed the district court's denial of the City's request to amend the original complaint during Marlett's municipal court appeal. Marlett was charged with and convicted of driving under the influence (DUI), first offense, in municipal court. Marlett appealed to the district court. On appeal the City, having

6

discovered that Marlett had a prior DUI, asked the district court to amend the charge to DUI, second offense. The district court denied the amendment, convicted Marlett, and sentenced him as a first-time offender. The City appealed. Our court held that the failure of the original complaint to include the higher severity level of the DUI did not render the complaint defective and, thus, the charge was not appropriate for amendment under K.S.A. 22-3610. 31 Kan. App. 2d at 364-65. Again, this holding does not support the City's position. The City distinguishes *Marlett* by pointing out that the amendment here decreased the severity of Caballero's offense. That distinction does not help us construe the statute.

The City also cites *Maddox*, 271 Kan. 445, although it cites the case in briefing a different point. In *Maddox*, the City charged Maddox with DUI and four related traffic offenses. Maddox pled no contest to the DUI charge, and the traffic offenses were dismissed. After his sentencing, Maddox appealed to the district court. At the trial de novo, the district court found Maddox guilty of the DUI charge as well as the four traffic offenses charged in the original complaint. Maddox appealed. This court granted Maddox relief. On review, our supreme court stated:  "Based on this language [in K.S.A. 22-3610(a)], the case on appeal to the district court was required to be heard on the original complaint, which included both the DUI and the four related traffic offenses." 271 Kan. at 449. The *Maddox* court affirmed Maddox's convictions, holding there was no jurisdictional need for the district court to rearraign Maddox on the counts dismissed in municipal court. 271 Kan. at 454. The *Maddox* court's holding that the de novo trial must be on the charges in the original complaint is helpful to our analysis, although not to the City's position.

As a matter of statutory interpretation we are persuaded that, giving ordinary words their ordinary meaning, K.S.A. 22-3610(a) requires that the de novo trial in an appeal from the municipal court be on the original complaint filed in the municipal court. The original complaint, then, is the charging document that commenced the municipal

court prosecution giving rise to the appeal. That a complaint at the municipal court level was amended makes that complaint an amended complaint, not an original complaint. The City's construction would require us to read into the statute something that is just not there. All appeals are statutory, and the legislature has granted the district court on de novo appeal only the authority to permit an amendment to the complaint when the amendment corrects a defect in the original complaint. The City does not contend that the original complaint here was defective or that the amendment corrected a defect. Thus, we conclude that the district court abused its discretion when it erroneously disregarded K.S.A. 22-3610(a) over Caballero's objection and permitted the City to amend the complaint in a manner that did not correct a defect in the original complaint.

*The district court erred in granting, if it did so, the amendment under K.S.A. 22-3201*

We note that the district court appears to have relied on a different statute than K.S.A. 22-3610(a) in allowing the City to amend the complaint. The district court stated that "the prosecutor's entitled to amend the complaint at any time up through a verdict." As Caballero argued, both then and now, the district court in making its decision referred to only a part of K.S.A. 22-3201. Under K.S.A. 22-3201(e), "[t]he court may permit a complaint or information to be amended at any time before verdict or finding *if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced*." (Emphasis added.) In determining whether the complaint could be amended, then, the district court should have asked (1) whether the amendment charged an additional or different crime and, only if it did not, (2) whether allowing the amendment would prejudice the substantial rights of the defendant. *State v. Ransom*, 288 Kan. 697, 715-16, 207 P.3d 208 (2009).

We recognize that other panels of this court have discussed the application of K.S.A. 22-3201(e) in addressing the propriety of amending the original municipal court complaint while on appeal to the district court. See, *e.g.*, *City of Olathe v. McGregor*, No.

8

108,561, 2014 WL 349563, at *5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. __ (January 15, 2015); *City of Hutchinson v. Jackson*, No. 112,756, 2015 WL 9459730, at *4 (Kan. App. 2015) (unpublished opinion). But the facts presented in these cases are readily distinguishable from the ones presented here.

In *McGregor*, the defendant was convicted of violating the seat belt ordinance in Olathe, Kansas. The seat belt ordinance in effect at the time of McGregor's violation on January 5, 2011, O.M.C. 10.01.182.1(e)(1) (Ordinance No. 10-43) (2010), imposed a $30 fine upon violation of the ordinance. Accordingly, the municipal court fined McGregor $30 following her conviction. On July 5, 2011, while the case was on appeal to the district court for a trial de novo, the City enacted a new seat belt ordinance, O.M.C. 10.01.182.1 (Ordinance No. 11-13) (2011). Ordinance No. 11-13 is identical to Ordinance No. 10-43 in all respects, except that it imposed a $10 fine for a seat belt violation. On January 17, 2012, the City amended the complaint and included the new version of the ordinance. Following McGregor's district court conviction, the court imposed a $10 fine for the seat belt violation. On appeal, the defendant argued that her conviction was invalid because the ordinance she was convicted under did not conform to the ordinance with which she was originally charged. A panel of this court held, however, that amending the complaint did not run afoul of the provisions in K.S.A. 22-3201(e) because the amended complaint charged a crime that had elements identical to the original crime charged in the initial complaint. 2014 WL 349563, at *5. The only difference between the two versions of the ordinance charged was that the amount of the fine was reduced from $30 to $10 in the newer version. McGregor did not suggest—as Caballero does here—that the ability to defend against the amended charge was somehow impaired or prejudiced.

In *Jackson*, the municipal court acquitted Jackson of the offense charged in the complaint—driving while suspended—but convicted him of driving without a license. Jackson appealed the conviction to the district court for a trial de novo, which would

9

vacate the municipal court's judgment and start the prosecution over. But the prosecution could not start over on that charge because Jackson had been acquitted of driving while suspended. See K.S.A. 2015 Sup. 21-5110(a)(1) (providing that a prosecution is barred if the defendant was formerly prosecuted for the same crime, based on the same facts, if that former prosecution resulted in an acquittal). And even though Jackson was convicted of driving without a license, Jackson had never been charged with that offense. At the trial de novo, the City orally requested to amend the complaint to conform to the evidence as permitted by K.S.A. 22-3201(e). The district court granted the motion. On appeal, a panel of our court held the district court abused its discretion as a matter of law by permitting the amendment. Specifically, the *Jackson* court stated:

> "'[T]the district court's discretion to amend the complaint before the verdict is statutorily limited under K.S.A. 22-3201(e) to circumstances where no additional or different crime is charged and no prejudice is suffered.' [Citation omitted.]

> "Under [the circumstances presented in this case], we find that the district court abused its discretion and exceeded its jurisdiction in making this amendment to conform to the evidence, which amendment charged a new crime." 2015 WL 9459730, at *4.

In sum, we are not persuaded that it was legally proper for the district court to amend the complaint in this case pursuant to K.S.A. 22-3201(e) when the complaint originated in municipal court and the case was before the district court for a trial de novo. But even if it was legally proper, it certainly was not factually appropriate to amend the complaint in this case pursuant to K.S.A. 22-3201(e) because under that statute the court is not permitted to amend a complaint under the circumstances here, where a different crime is charged resulting in prejudice to the defendant. Although the ordinances at issue, both those as charged and as amended, deal with prostitution, each ordinance prohibits different conduct. The names of the ordinances confirm that proposition ("hiring" as opposed to mere "soliciting"), as do their separate ordinance numbers, and as does the City's acknowledgement that, here, the soliciting charge was more appropriate than the

10

hiring charge. The district court failed to ask or answer the threshold question for applying K.S.A. 22-3201(e) to allow the amendment of a complaint: Did the amendment charge an additional or different crime? We have considered that question on review. Our answer is that the amendment did in fact charge a different crime from those originally charged. Thus, even if K.S.A. 22-3201(e) were to apply to amendments to a complaint on appeal from the municipal court, the amendment here was erroneously permitted.

*Conclusion*

The complaint or information is the jurisdictional instrument upon which a defendant is brought to trial; it must allege the essential elements of the charged offenses. *Carmichael v. State*, 255 Kan. 10, 12, 872 P.2d 240 (1994). A district court lacks jurisdiction to convict a defendant of a crime that was not charged in the complaint unless that crime is a lesser offense of the charged crime. *State v. Ramirez*, 299 Kan. 224, 227-28, 328 P.3d 1075 (2014); *State v. Gonzales*, 289 Kan. 351, 367, 212 P.3d 215 (2009). This is so regardless of the evidence presented at trial. 289 Kan. at 367.

We understand the City's frustration here. The City initially overcharged Caballero. When the prosecutor realized that, the prosecutor did not dismiss the overcharged case and commence a new prosecution by filing a properly charged complaint in a new case. The prosecutor just amended the charge in municipal court. When Caballero appealed, the prosecutor realized the City was likely in a situation where it could not prove either of the charges in the original complaint. The prosecutor decided to seek an amendment from the district court to a charge the prosecutor knew the City could likely prove, which was actually the offense the City admits it should have charged in the first place. But the statutes do not permit such an amendment during a municipal court appeal. We decline to provide the City an amendment remedy for its overcharging in an original complaint when the legislature did not provide that remedy.

11

The original complaint here did not charge Caballero with the crime of soliciting for immoral purposes in violation of Wichita City Ordinance 5.68.110(a). The district court permitted the City to amend the complaint to charge that offense based on an error of law, as the amendment did not cure a defect in the complaint and it did charge Caballero with a different crime than originally charged. That error constitutes an abuse of discretion. And because the amendment was erroneously granted, the district court lacked jurisdiction to convict Caballero under the amended complaint. We therefore reverse Caballero's conviction and remand the case to the district court for further proceedings on the original, unamended, complaint.

Reversed and remanded with directions.