No. 57,142

STATE OF KANSAS, *Appellant,* v. KEVIN E. LESLIE, *Appellee.*

(699 P.2d 510)

Opinion filed May 10, 1985.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *James D. Hall,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellant.

*Peter John Orsi,* of Wichita, argued the cause, and *Robert E. Burchfiel,* of Wichita, was with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Kevin E. Leslie was charged with a felony, aggravated sexual battery (K.S.A. 1984 Supp. 21-3518), arising from an incident which had occurred on June 1, 1984. At the preliminary hearing the magistrate declined to bind defendant over for trial on the felony and, instead, bound the defendant over on an uncharged misdemeanor, sexual battery (K.S.A. 1984 Supp. 21-3517). The magistrate then accepted defendant's plea of guilty to the misdemeanor. The matter is before us on the State's appeal.

K.S.A. 22-2902 controls the preliminary hearing process and provides in pertinent part:

"(3) The defendant shall not enter a plea at the preliminary examination. The defendant shall be personally present and the witnesses shall be examined in said defendant's presence. The defendant's voluntary absence after the preliminary examination has been begun in said defendant's presence shall not prevent the continuation of the examination. The defendant shall have the right to cross-examine witnesses against the defendant and introduce evidence in his or her own behalf. If from the evidence *it appears that a felony has been committed and there is probable cause to believe that a felony has been committed by the defendant the magistrate shall order the defendant bound over to the district judge* or associate district judge having jurisdiction to try the case; *otherwise, the magistrate shall discharge the defendant.*" (Emphasis supplied.)

Pursuant to K.S.A. 22-2902 the magistrate had two options at

the conclusion of the preliminary hearing—he could bind the defendant over on a felony or he could discharge the defendant. The magistrate's failure to proceed under either statutory option is clearly erroneous.

Defendant argues the State invited error by failing to dismiss the misdemeanor charge. The State objected to the magistrate's failure to bind the defendant over on the charged felony or, in the alternative, to dismiss. Regardless of the State's actions or inactions, the magistrate lacked jurisdiction to do what he did and all orders relative to the misdemeanor are, therefore, void.

Defendant argues that, however this court decides the preceding issue, jeopardy has attached and no further criminal proceedings are possible against him arising from the incident. We do not agree. Having failed to bind defendant over on a felony, the magistrate had jurisdiction only to discharge the defendant. All proceedings relative to the misdemeanor being therefore void, the same cannot constitute jeopardy. After defendant is discharged upon remand, the State may, within the time limitation set forth in K.S.A. 21-3106, exercise its prosecutorial discretion and refile the charge against the defendant.

The orders of the preliminary hearing judge binding the defendant over on a misdemeanor, accepting the defendant's plea of guilty thereto, and imposing sentence are hereby reversed and the case is remanded with directions to discharge the defendant.