(74 P.3d 55)

No. 89,114

STATE OF KANSAS, *Appellant*, v. MONTY D. SEEMS, *Appellee*.

Opinion filed August 8, 2003.

*David J. Basgall*, assistant county attorney, and *Phill Kline*, attorney general, for the appellant.

*Michael S. Holland II* and *Michael S. Holland*, of Holland and Holland, of Russell, for the appellee.

Before MARQUARDT, P.J., PIERRON and JOHNSON, JJ.

PIERRON, J.: The State appeals the district court's dismissal of a driving under influence of alcohol (DUI) case against Monty D. Seems. We affirm.

On March 16, 2002, Officer Timothy Greenwood stopped Seems for an improper left turn. According to Greenwood, Seems had watery eyes, slurred speech, and a strong odor of alcoholic beverages. Seems' performance on the sobriety tests showed impairment, and he refused to take a preliminary breath test. Greenwood arrested Seems and took him to the police station, where he refused to take a breath test. At the hospital, Seems' blood was drawn without his consent.

The laboratory results from the Kansas Bureau of Investigation showed that Seems had a blood alcohol concentration of 0.22. He was charged with one count of felony DUI as well as other misdemeanors and a traffic infraction. The complaint listed Seems' prior conviction dates as October 20, 1998, and January 4, 2000. Later, the dates of the prior convictions were deleted and the amended charges excluded the specific dates.

At the preliminary hearing before the magistrate judge, Seems argued the case should be dismissed because the State had failed

to present any evidence of prior convictions on his record necessary to make the DUI a felony. The court agreed and dismissed the case.

The State appealed to the district court. The district court affirmed the dismissal of the case by the magistrate judge.

K.S.A. 8-1567 provides in a pertinent part:

"(a) No person shall operate or attempt to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto, is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more; [or]

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

. . . .

"(d) Upon a first conviction of a violation of this section, a person shall be guilty of a class B, nonperson misdemeanor and sentenced to not less than 48 consecutive hours nor more than six months' imprisonment, or in the court's discretion 100 hours of public service, and fined not less than $500 nor more than $1,000. . . ."

"(e) On a second conviction of a violation of this section, a person shall be guilty of a class A, nonperson misdemeanor and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $1,500. . . ."

"(f) On the third conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,500 nor more than $2,500."

Seems was charged with a felony DUI in violation of K.S.A. 8-1567 (a)(1), (2), and (3) in the alternative and under (f), subject to the amended complaint.

The State maintained it was not required to present evidence of the prior convictions at the preliminary hearing. The State relies on *State v. Rome*, 269 Kan. 47, 5 P.3d 15 (2000), and *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996). In *Masterson*, the defendant was convicted of DUI on a complaint alleging a crime severity level B misdemeanor, but the State sought to have him sentenced for a severity level A misdemeanor. The Supreme Court agreed with the trial court, which had sentenced the defendant for

the B misdemeanor as a first offender, although the State proffered the defendant's driving record, which reflected the prior DUI. 261 Kan. at 160-64. The *Masterson* court examined the legislative history of K.S.A. 8-1567 and stated:

"The addition in 1993 of the crime classifications in subsections (d), (e), and (f), the penalty provisions of 8-1567, do not make prior DUI convictions elements of the offense of DUI. The State should not be required to prove the prior convictions as part of the DUI trial. However, the *Loudermilk* [, 221 Kan. 157 (1976),] rationale suggests that because different crime classifications are now specified in the statute, a defendant is entitled under due process to notice in the information or complaint of the severity level of the DUI offense being charged, *i.e.*, class A or B misdemeanor or nonperson felony." 261 Kan. at 163.

*State v. Larson*, 265 Kan. 160, 164, 958 P.2d 1154 (1998), clarified the holdings in *Masterson*, stating:

"[T]he crime severity level is not an essential element of driving under the influence. The State's failure to include a crime severity level in the amended complaint does not render the conviction void. Rather, it restricts the sentence to that appropriate to a B misdemeanor, the lowest crime severity level for the offense of driving under the influence."

*Rome* dealt with the interpretation of a habitual criminal statute, which provided that upon conviction for a third or subsequent offense of certain drug crimes, including the sale of cocaine, such person shall be guilty of a class A felony, and the punishment shall be life imprisonment. The *Rome* court, citing *State v. Loudermilk*, 221 Kan. 157, 161, 557 P.2d 1229 (1976), held prior convictions under a self-contained habitual criminal statute are not elements of the offense charged and are pertinent only to the sentence that will be rendered in the event of a conviction. 269 Kan. at 52.

Seems concedes that *Masterson* and *Rome* held that prior convictions are not required elements of the crime to be proven at trial but are only necessary for sentencing. However, he insists these opinions do not address the issue in this case—whether the State was required to prove the prior convictions at the preliminary hearing to prove that probable cause exists.

The reason for the confusion here is that at trial for this charge, the State would not present the prior convictions during the guilt phase, as they would be prejudicial to Seems at that time and would

only need to be presented at sentencing. However, for the purpose of establishing a felony, prior convictions must be proven if they are not conceded by the defendant.

To establish the basis for charging and trying a defendant for a felony, a determination of probable cause to believe that a felony has been committed must be made pursuant to K.S.A. 2002 Supp. 22-2902(3). This probable cause determination is made by a judge after a preliminary hearing, Without a showing that the necessary prior convictions have occurred, the trial court would lack the jurisdiction to try the defendant for a felony.

The instant case is distinguishable from *Masterson* and *Larson* because only misdemeanors were involved in those cases. *Rome* is distinguishable because the crime charged was a felony and only the level of the felony was determined by the issue in question; a preliminary hearing had already determined that a felony, of some level, had been committed.

In order to prosecute a defendant under K.S.A. 8-1567(f), a felony, there must first be a preliminary hearing finding of probable cause to believe that the necessary prior convictions have occurred.

The district court was correct to dismiss the charge.

Affirmed.