(100 P.3d 972)
No. 89,097

STATE OF KANSAS, *Appellee*, v. RANDY DYKE, SR., *Appellant*.

—

Opinion filed November 26, 2003.

*Mary Curtis,* assistant appellate defender, for appellant.

*Bradley R. Burke,* assistant district attorney, *Christine E. Kenney,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before MARQUARDT, P.J., LEWIS, J., and LARSON, S.J.

MARQUARDT, J.: Randy Dyke, Sr., appeals his conviction and sentence for one count of felony driving while under the influence of alcohol (DUI). We affirm Dyke's conviction, vacate his sentence, and remand for resentencing.

In February 2002, Dyke was charged with two counts of battery of a law enforcement officer, two counts of obstruction of official duty, and one count of DUI. Dyke and the State entered a plea agreement, whereby Dyke pled no contest to one count each of battery of a law enforcement officer, obstruction of official duty, and one count of DUI. In return, the State agreed to dismiss the remaining counts and recommend 90 days in jail.

At the sentencing hearing, neither Dyke nor the State objected to the presentence investigation (PSI) report. The PSI report showed that Dyke had five prior DUI convictions. Under the plea agreement, Dyke was sentenced to 90 days in jail, after which he would be placed on probation and enter alcohol counseling. The trial court followed the plea agreement and gave Dyke an underlying jail sentence of 3 years.

The trial court imposed a fine of $1,500. At that point, the prosecutor noted that while Dyke was convicted of a third DUI, he actually had four prior convictions, which would make the fine $2,500. The trial court agreed that this was a fourth DUI and imposed a $2,500 fine and noted that Dyke's parole would be monitored by the Department of Corrections. Dyke timely appeals.

In July 2002, Dyke filed a request for clarification and motion to modify sentence, noting that he pled guilty to a third DUI but that he was sentenced for a fourth DUI. Dyke did not want to withdraw his plea, but instead wanted to clarify that his conviction was for a fourth DUI.

A hearing was held and Dyke noted that the journal entry clearly shows his conviction was treated as a fourth DUI. Dyke went on to waive any infirmities in the plea and stated that he wanted a fourth conviction so that he could commence alcohol treatment. Dyke also stated that he did not wish to proceed with an appeal.

The trial court gave Dyke several opportunities to withdraw his plea, but Dyke refused. Dyke expressly stated that he was willing to accept the finding that he pled to a fourth DUI conviction. Based on Dyke's affirmations, the trial court affirmed both the plea and sentence. This appeal has proceeded due to the filing of Dyke's notice of appeal.

On appeal, Dyke argues that the trial court was without jurisdiction to either find him guilty of a fourth DUI or impose sentence for the same. Dyke asks that his sentence be vacated and the case be remanded so that he may be sentenced for a third DUI pursuant to K.S.A. 8-1567(f).

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough,* 273 Kan. 113, 116, 41 P.3d 281 (2002). An illegal sentence is a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statute, either in the character or the term of the punishment; or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Cullen,* 275 Kan. 56, 60, 60 P.3d 933 (2003). This court may correct an illegal sentence at any time. K.S.A. 22-3504(1).

Under K.S.A. 8-1567(f), a person found guilty of a third DUI shall be sentenced to not less than 90 days and fined in the range of $1,500 to $2,500. K.S.A. 8-1567(g) covers fourth or subsequent DUI convictions. After a fourth or subsequent DUI conviction, the defendant shall be sentenced to not less than 90 days nor more than 1 year and fined $2,500. In addition, after the term of imprisonment is completed, the defendant is required to participate in an alcohol abuse program, and upon his or her completion, the defendant is released to the Secretary of Corrections to participate in postrelease supervision.

The initial complaint references neither K.S.A. 8-1567(f) nor (g). Instead, the language of the complaint charges Dyke with DUI "after having been convicted of this same offense at least two times previously." It appears that no one knew Dyke's criminal history until the PSI report was completed.

The charging document is the jurisdictional instrument which gives the court authority to convict a defendant of crimes charged in the complaint or of the lesser included crimes thereof. Conversely, if a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the trial court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented. *State v. Horn,* 20 Kan. App. 2d 689, 692, 892 P.2d 513, *rev. denied* 257 Kan. 1094 (1995).

In this case, it is clear that Dyke was charged with one count of DUI, third offense. Dyke pled no contest to one count of DUI, third offense. At the plea hearing, the trial court informed Dyke of the maximum fine for a third offense. The State presented a proffer of evidence, at which time the prosecutor noted that Dyke had been convicted of DUI "on at least two previous occasions." At the sentencing hearing, Dyke was clearly sentenced for a third offense.

The trial court did not have jurisdiction to sentence Dyke for a fourth DUI, even though there is more than adequate evidence to prove that this is indeed his sixth offense. A sentence entered outside the court's jurisdiction is illegal. See *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997).

We fully recognize that at the hearing on the motion to clarify, Dyke stated a strong preference towards treating his conviction as if it were a fourth offense. Dyke steadfastly refused to withdraw his plea. However, this appeal was docketed, and we do not see any indication that the appeal was formally withdrawn. Therefore, we can only assume that Dyke wants to proceed with this appeal.

The trial court was without jurisdiction to sentence Dyke as a fourth DUI offender, which mandated a longer period of post-release supervision than if he had been sentenced for a third DUI. His sentence is illegal and must be vacated. The case is remanded for resentencing.

Dyke's conviction is affirmed, his sentence is vacated, and the case is remanded for resentencing.