(120 P.3d 1156)
No. 92,248

STATE OF KANSAS, *Appellee,* v. GWENDLYN K. MOODY, *Appellant.*

Opinion filed October 14, 2005.

*Shawn Minihan,* assistant appellate defender, for appellant.

*Kristi L. Barton,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, *Phill Kline,* attorney general, for appellee.

Before PIERRON, P.J., CAPLINGER, J., and BUKATY, S.J.

CAPLINGER, J.: Gwendlyn Moody appeals her sentence as a fourth-time offender for driving under the influence (DUI). Moody argues that because the complaint recited only two or more prior DUI's, the district court was without jurisdiction to sentence her as a fourth-time DUI offender. We conclude that because proof of prior convictions is not an element of DUI, the district court did not lack jurisdiction to sentence Moody as a fourth-time

offender. We further note that defendant's due process rights were not violated, because the complaint properly charged the defendant with a nonperson felony, and the defendant received notice at the plea stage of the possible penalties to be imposed for a fourth offense.

Moody also challenges the validity of the trial court's order requiring her to reimburse the Board of Indigents' Defense Services (BIDS) system for attorney and administrative fees. Moody argues that because the trial court failed to consider her financial condition and ability to pay, the order violated K.S.A. 2002 Supp. 22-4513(a). We affirm the trial court's order and find the consideration of a defendant's financial resources at the time the assessment is enforced, rather than at the time of assessment, provides an outcome consistent with the legislature's intent in enacting K.S.A. 2002 Supp. 22-4513.

*Background*

On July 29, 2002, the State filed a two-count complaint against Moody. Count 1 charged Moody with felony DUI, while count 2 charged her with failure to provide proof of liability insurance. In support of the DUI charge, count 1 alleged:

"Moody did operate or attempt to operate a motor vehicle, to-wit: 1988 Pontiac at Kellogg and Main, Wichita, Sedgwick County, Kansas, while under the influence of alcohol to the extent that he [*sic*] was incapable of safely operating said vehicle after having been previously convicted of DUI two or more times, to-wit: on the 4th day of April, 1989, in Wichita Municipal Court in Case No. TB92126, and on the 3rd day of February, 1998, in Wichita Municipal Court in Case No. 97TM13602."

Moody subsequently entered into a plea agreement whereby the State agreed to recommend as to count 1 that the defendant receive a controlling sentence of 1 year in the county jail and a fine of $1,500, to be served by 48 hours in the county jail, less credit for time served, immediately followed by 88 days on house arrest as a condition of probation. As to count 2, the State agreed to recommend a fine of $300 and that the two counts be run concurrently.

During the plea hearing, the district court observed that the complaint alleged two prior DUI convictions; Moody concurred with the accuracy of that information. The district court further noted that the court was not bound by the plea agreement and could impose the maximum fine and penalty on each count. The court then specified the maximum fine and penalty as follows:

"[C]ount I, is one year in the County jail and a fine of $2,500, and count II, is up to 6 months in the county jail and a fine of $1,000 and [the court] could in fact order that those two sentences be served consecutively, or one after the other, and also that both fines be paid in the maximum amounts so the total penalty—the maximum penalty that you face is 18 months in the county jail and a fine of $3,500."

Moody pled guilty, and at sentencing the district court observed that Moody's criminal history included three, rather than two, prior DUI convictions. Moody concurred that she did in fact have three prior DUI convictions. Consequently, the court sentenced Moody as a fourth-time offender to a term of 180 days in the Sedgwick County jail (3 days incarceration, followed by 177 days in a work release program), and assessed a fine of $2,500. Moody now appeals.

*Jurisdiction to sentence defendant as a fourth-time DUI offender*

Citing *State v. Dyke*, 33 Kan. App. 2d 167, 100 P.3d 972 (2003), Moody argues the trial court lacked jurisdiction to sentence her as a fourth-time DUI offender.

Whether jurisdiction exists is a question of law over which this court has unlimited review. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002). A complaint which omits an essential element of a crime is fatally defective, and the trial court lacks jurisdiction to convict the defendant. *State v. Hooker*, 271 Kan. 52, 61, 21 P.3d 964 (2001).

In *Dyke*, the defendant was charged with one count of DUI. The complaint referenced neither K.S.A. 8-1567(f) nor (g), but instead charged Dyke with DUI " 'after having been convicted of this same offense at least two times previously.' " 33 Kan. App. 2d at 169. Pursuant to a plea agreement, Dyke was sentenced to 90 days in jail, after which she would be placed on probation and enter

alcohol counseling. The sentencing court originally imposed a fine of $1,500. However, at that point, the State noted that while Dyke was convicted of a third DUI, he actually had four prior DUI convictions which, pursuant to K.S.A. 8-1567(g), would make the fine $2,500. The district court agreed and imposed a fine of $2,500. 33 Kan. App. 2d at 168.

On appeal, this court held that the trial court lacked jurisdiction to sentence *Dyke* as a fourth-time DUI offender, citing *State v. Horn*, 20 Kan. App. 2d 689, 692, 892 P.2d 513, *rev. denied* 257 Kan. 1094 (1995), for the rule that "if a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the trial court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented." 33 Kan. App. 2d at 169-70.

Recently, another panel of this court disagreed with *Dyke*, holding "that while *Dyke* reached the correct result, it did so for the wrong reason when it based its decision on lack of jurisdiction as opposed to lack of due process." *State v. Wheeler*, No. 92,428, unpublished opinion filed June 22, 2005; see also *State v. Gardner*, No. 92,649, unpublished opinion filed September 9, 2005 (agreeing with *Wheeler's* rationale and concluding defendant received due process where the complaint charged the defendant with a nonperson felony and defendant received notice at plea stage of maximum penalties for fourth DUI offense). In reaching its conclusion, the *Wheeler* court relied on *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996).

In *Masterson*, the State's amended complaint charged Masterson as a first-time DUI offender. After a bench trial, Masterson was convicted of a first-offense DUI. At sentencing, the State requested that Masterson be sentenced as a second offender, arguing that when the complaint was filed, the State was unaware of a prior DUI diversion entered into by Masterson. The district court denied the State's request and sentenced Masterson as a first offender. 261 Kan. at 160.

The State appealed, contending that K.S.A. 22-3201 (setting out the requirements for a complaint, information, or indictment) does not require that the State give a defendant notice of the severity

level of the DUI offense being charged. The Kansas Supreme Court disagreed, holding that *although prior DUI convictions are not elements of the offense of DUI,* "a defendant is entitled *under due process* to notice in the information or complaint of the severity level of the DUI offense being charged . . . ." (Emphasis added.) 261 Kan. at 163. Consequently, the *Masterson* court held that the trial court was correct in sentencing Masterson as a first-time offender. 261 Kan. at 164.

We agree with the *Wheeler* court that pursuant to *Masterson,* the issue is one of due process rather than jurisdiction. Thus, this court must determine whether due process was met here. The complaint charging Moody expressly references only two prior DUI convictions. Moody pled guilty to, and was convicted of, a third-offense DUI. The fact that Moody actually had three prior DUI convictions was not brought to light until sentencing. At first blush, this appears to constitute an impermissible "upping the ante" after conviction, akin to the one attempted by the State in *Masterson.*

Nevertheless, we do not believe Moody's sentence violated due process. A careful review of the basis upon which *Masterson* was decided is instructive on the issue. Notably, *Masterson* overruled *State v. Helgeson,* 235 Kan. 534, 680 P.2d 910 (1984). 261 Kan. 158, Syl. ¶ 2.

In *Helgeson,* the pertinent version of the DUI statute, K.S.A. 8-1567 (Ensley), contained penalty provisions within three statutory subsections. Subsection (c) set forth the penalty for a first conviction; subsection (d) set forth the penalty for a second conviction; and subsection (e) set forth the penalty for a third or subsequent conviction. K.S.A. 8-1567 (Ensley).

Helgeson was not charged with violating any of the specific subsections of the DUI statute; rather, he was charged generally with violating K.S.A. 8-1567 (Ensley). 235 Kan. at 534. Following his conviction for DUI, Helgeson was sentenced as a second offender. Helgeson appealed, arguing that the complaint was deficient for failing to include any allegation of a prior DUI conviction. 235 Kan. at 535.

Our Supreme Court held: "A prior D.U.I. conviction is not a statutory element of the crime under K.S.A. 8-1567, and merely bears on the penalty imposed. There was no error in the complaint not charging the prior offense." 235 Kan. at 536.

In overruling *Helgeson*, the *Masterson* court noted that the version of the DUI statute at issue in *Helgeson* provided no crime classifications, but merely prescribed the penalties for first, second, and third offenses. On the other hand, the court discerned, the statute at issue in *Masterson* not only prescribed penalties for first, second, and third or subsequent offenses, but it also differentiated the various offenses by the crime classifications of class B misdemeanor, class A misdemeanor, and nonperson felony. 261 Kan. at 163.

Consequently, the *Masterson* court concluded,

*"because different crime classifications are now specified in the statute*, a defendant is entitled under due process to notice in the information or complaint of the *severity level* of the DUI offense being charged, *i.e., class A or B misdemeanor or nonperson felony*.

"K.S.A. 22-3201(c) (effective in 1993) provides: 'When relevant, the complaint, information or indictment shall also allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale.'

". . . Masterson should have the right to know before trial the *severity level* of the crime being charged." (Emphasis added.) 261 Kan. at 163-64.

Thus, in construing the language now contained in K.S.A. 2004 Supp. 22-3201(c), the *Masterson* court equated the phrase "specific crime subcategory in the crime seriousness scale" with crime classification (*e.g., class A or B misdemeanor or nonperson felony*).

Since *Masterson*, the DUI statute has been further revised. In the version applicable here, although third and fourth DUI convictions are both classified identically as nonperson felonies, the penalties for third and fourth or subsequent convictions are distinct. See K.S.A. 8-1567(f) and (g).

The complaint charging Moody with DUI correctly classified the charge as a nonperson felony. However, the complaint failed to expressly mention that Moody was being charged with a fourth-offense DUI. Instead, the complaint alleged that Moody had committed a DUI "after having been previously convicted of DUI two

or more times, to-wit: on the 4th day of April, 1989, in Wichita Municipal Court in Case No. TB92126, and on the 3rd day of February, 1998, in Wichita Municipal Court in Case No. 97TM13602."

While the precise degree of notice necessary to comport with due process remains uncertain, *Masterson* tends to indicate that the crime classification of nonperson felony is all that due process requires in this instance. Because the complaint properly alleged the proper crime classification, due process was met here. Morever, even if *Masterson* required that the defendant receive notice of the penalties for three prior DUI offenses, rather than the two with which he was specifically charged, we believe Moody received that notice here.

At the plea hearing, the district court specifically noted the maximum penalties for the defendant's DUI charge were "one year in the county jail and a fine of $2,500." The maximum penalties for a fourth DUI offense are exactly those stated by the district court— *i.e.*, 1 year's imprisonment and a fine of $2,500. K.S.A. 8-1567(g). The maximum imprisonment for a third DUI offense, on the other hand, is also 1 year's imprisonment, while the fine is "not less than $1,500 nor more than $2,500." K.S.A. 8-1567(f). Because Moody received notice of the severity level with which she was charged, as well as the maximum penalty for a fourth offense, we affirm the defendant's sentence.

### BIDS Reimbursement

At sentencing, the trial court ordered Moody to reimburse the Board of Indigents' Defense Services (BIDS) attorney fees in the amount of $385, plus an administration fee in the amount of $50. A review of the record indicates that Moody's financial resources were not taken into account prior to the imposition of fees. Moody now contends the trial court erred by not considering her financial resources before imposing these fees.

This issue involves statutory interpretation and is therefore subject to unlimited review by this court. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). K.S.A. 2004 Supp. 22-4513 provides, in pertinent part:

"(a) If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant or the amount allowed by the board of indigents' defense reimbursement tables as provided in K.S.A. 22-4522, and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases.

"(b) In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment."

Previous panels of this court have split in their interpretations of K.S.A. 2004 Supp. 22-4513. In *State v. Robinson*, 33 Kan. App. 2d 773, 109 P.3d 185 (2005), the majority held that the sentencing court did not err by failing to consider the defendant's financial resources before assessing attorney fees. In reaching its conclusion, the *Robinson* majority reasoned:

"[W]e believe that the sentencing court must first tax, as costs, the amount requested by BIDS and then decide what, if any, amount can be collected. Of course, if at any time (even at the time it is being taxed) the defendant asks, the court must follow the statute and waive all or a portion of the amount taxed as the facts warrant. The inclusion of the waiver language in this statute precludes the trial court from having to make findings before taxation, unlike K.S.A. 21-4607, which has no such waiver provision. This interpretation of the statute gives full and harmonious effect to both subsections (a) and (b)." *Robinson*, 33 Kan. App. 2d at 782.

Judge Greene dissented from the *Robinson* majority on the attorney fee issue, concluding that the sentencing court is under both statutory and constitutional obligations to consider a defendant's financial status when ordering payment of attorney fees. *Robinson*, 33 Kan. App. 2d at 784-86.

Recently, in *State v. Barr*, No. 92,366, unpublished opinion filed July 1, 2005, another panel of this court declined to follow *Robinson*, holding that the plain language of K.S.A. 2004 Supp. 22-4513(b) requires the trial court to consider the defendant's financial resources on the record at sentencing.

We agree with the rationale of the *Robinson* majority and find the consideration of a defendant's financial resources at the time the assessment is enforced, rather than at the time of assessment, provided an outcome consistent with the legislature's intent in·enacting K.S.A. 2002 Supp. 22-4513.

Accordingly, we affirm the district court's order requiring Moody to reimburse the BIDS system for attorney and administrative fees.

Affirmed.