(129 P.3d 630)
No. 93,521

STATE OF KANSAS, *Appellee,* v. MICHAEL MOORE, *Appellant.*

Opinion filed March 10, 2006.

*Bob L. Thomas,* of Thomas & Associates, LLC, of Olathe, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before GREEN, P.J., MCANANY, J., and BRAZIL, S.J.

GREEN, J.: Michael Moore appeals from his bench trial conviction and sentence for felony driving under the influence of alcohol (DUI) in violation of K.S.A. 2005 Supp. 8-1567. First, Moore argues that the trial court erred in denying his motion to dismiss. Moore contends that it was improper for the trial court to hold a second preliminary hearing where the State was allowed to present evidence of Moore's two prior DUI convictions, which the State needed to show for a felony prosecution. We determine that Moore waived his challenge to the sufficiency of the first preliminary hearing when he failed to timely move to dismiss under K.S.A. 22-3208.

Moreover, the record of the first preliminary hearing indicates that Moore stipulated to having two prior DUI convictions for purposes of the preliminary hearing. We determine that Moore, by his stipulation, waived any challenge to the trial court's finding that probable cause existed that he had committed a felony.

Next, Moore contends that there was insufficient evidence presented at trial to convict him of driving under the influence of alcohol. After reviewing all of the evidence, viewed in the light most favorable to the State, we determine that a rational factfinder could have found Moore guilty beyond a reasonable doubt. Finally, Moore maintains that his sentence as a sixth-time DUI offender was illegal based on this court's decision in *State v. Dyke*, 33 Kan. App. 2d 167, 100 P.3d 972 (2003). Because the record indicates that Moore received notice that he was being charged as a third-time DUI offender under K.S.A. 2005 Supp. 8-1567(f) and did not receive notice that he was being charged under the harsher penalty provisions of K.S.A. 2005 Supp. 8-1567(g), we determine that Moore must be resentenced as a third-time DUI offender. Accordingly, we affirm in part, reverse in part, and remand for resentencing.

One night in March 2003, sheriff's deputies Chris Farkes and Chris Rutherford were called to a noninjury accident behind Bonita Flats Saloon in the area of 175th Street and 169 Highway in Johnson County. This area had a dead end road that stopped at a large open field. There were two posts and cross-braces at the end of the road. Approximately 150 to 200 yards into the field was a deer fence that separated the field from the edge of 169 Highway.

When Farkes arrived at the accident, he saw Moore standing in the road and Moore's truck sitting in the field approximately 100 to 150 yards from the road. Moore's truck was facing south and was stuck in the mud.

Upon speaking with Moore, Farkes smelled a strong odor of alcohol coming from Moore and noticed that his speech was slurred. Farkes asked Moore if he had been drinking, and Moore responded that he had been drinking at a nearby bar and pointed towards Bonita Flats. When Rutherford arrived at the accident, he observed that Moore's truck was 100 to 200 feet north of the road.

He noticed that Moore had difficulty communicating, was slurring his speech, and smelled like alcohol.

Moore told Rutherford that he had been driving his truck and had mistaken the dead end road for the highway. Moore said that he had driven off the end of the road and realized he was in the wrong place. When he reached the fence line, he tried to turn around but had gotten stuck in the field. Based upon the tracks in the muddy field and the way the mud was propelled, it appeared to Rutherford that the truck had been quickly put into reverse and accelerated once it reached the fence line. Rutherford indicated that Moore's truck was resting very deep in the mud and had mud across the side of it. Moore told Rutherford that he had attempted to call a tow truck but mistakenly dialed 911. Moore indicated that he had stayed at that location from the time of the accident.

Rutherford checked Moore's driver's license and ran a warrants check. Although Moore had a Missouri driver's license, he told Rutherford that he had moved to Shawnee, Kansas, recently. According to Rutherford, Shawnee was approximately 20 to 25 miles from their location. Rutherford asked Moore to perform some field sobriety tests but Moore stated, "Honestly, I would not pass your sobriety tests." When Rutherford told Moore that there was possibly some damage to a sign that had been located at the end of the road, Moore said that he would take care of any property damage. Nevertheless, Moore said that they did not see him driving his truck and that he did not feel he did anything wrong.

Rutherford asked Moore a few more times to perform field sobriety tests and explained the tests that would be administered. After Moore refused the tests, Rutherford placed him under arrest for driving under the influence of alcohol. When Rutherford attempted to handcuff Moore, Moore pulled away and told Rutherford to wait a minute. Moore struggled with Rutherford and Farkes. Farkes secured one of Moore's arms, and they placed Moore on the hood of his truck to control him.

Rutherford asked Moore if he had any open containers in his truck, and Moore responded that he did not and that he had not had anything to drink since he left the bar. Although Moore told the deputies when they arrived at the accident that he had been

driving his truck, he later indicated that he had not been driving his truck. Farkes indicated that he had never felt the hood of Moore's truck to see if it was warm because Moore told him that he had been driving.

In April 2003, Moore was charged with felony DUI with two or more prior DUI convictions. A preliminary hearing was held in July 2003. At the conclusion of its evidence, the State asserted that Moore had two prior DUI convictions in Johnson County. Moore's attorney stated that there was no objection for purposes of preliminary hearing. At the conclusion of the hearing, the trial court found probable cause existed, bound Moore over for trial, and proceeded to arraignment.

In September 2003, Moore moved to dismiss his case based on *State v. Seems*, 31 Kan. App. 2d 794, 74 P.3d 55 (2003), *aff'd* 277 Kan. 303, 84 P.3d 606 (2004), arguing that the State had failed to present evidence of his prior DUI convictions at the preliminary hearing. In response, the State argued that Moore's motion to dismiss, which had been filed 68 days after the preliminary hearing, was untimely under K.S.A. 22-3208. The trial court determined that it would hold another preliminary hearing to allow the State to present evidence of Moore's prior DUI convictions.

The second preliminary hearing was held in February 2004. The State presented two court files of Moore's prior DUI convictions. Moore stipulated that the State had established his prior convictions for purposes of the preliminary hearing. The trial court found probable cause existed to believe that Moore had committed a felony DUI, bound Moore over for trial, and proceeded with arraignment. At the bench trial in July 2004, the trial court found Moore guilty of DUI. Moore was sentenced as a sixth-time DUI offender to 6 months in jail, ordered to pay a $2,500 fine, and directed to complete a 12-month postrelease supervision period with the Kansas Department of Corrections (DOC).

*Motion to Dismiss*

Moore first argues that the trial court erred in denying his motion to dismiss and in holding a second preliminary hearing to allow the State to present evidence of his prior DUI convictions. Moore

contends that when the evidence at the first preliminary hearing did not establish the charged offense of felony DUI, the trial court lacked jurisdiction to order another preliminary hearing and should have dismissed the case.

An appellate court's standard of review is de novo when deciding whether the evidence introduced at the preliminary hearing was sufficient to establish probable cause to believe that the defendant committed the charged crime. *State v. Corbett*, 31 Kan. App. 2d 68, 71, 59 P.3d 1054, *rev. denied* 275 Kan. 966 (2003).

K.S.A. 2005 Supp. 22-2902(3) requires the discharge of a defendant if the evidence presented at the preliminary hearing does not establish probable cause to believe that the defendant has committed a felony:

"If from the evidence it appears that a felony has been committed and there is probable cause to believe that a felony has been committed by the defendant, the magistrate shall order the defendant bound over to the district judge having jurisdiction to try the case; otherwise, the magistrate shall discharge the defendant."

In *State v. Leslie*, 237 Kan. 318, 318-19, 699 P.2d 510 (1985), our Supreme Court stated that under K.S.A. 22-2902(3), a magistrate has two options at the conclusion of the preliminary hearing: (1) bind the defendant over on a felony; or (2) discharge the defendant.

The language from K.S.A. 2005 Supp. 22-2902(3) is clear that if the State has not established at the preliminary hearing that the defendant has committed a felony, then the defendant must be discharged. To support his argument that the trial court should have granted his motion to dismiss because the State had failed to establish his prior DUI convictions at the preliminary hearing, Moore cites *Seems*, 31 Kan. App. 2d 794. There, the complaint charged Seems with one count of felony DUI and listed the dates of two prior DUI convictions. Nevertheless, the dates of these prior convictions were later deleted and were absent from the amended charges. At preliminary hearing before the magistrate court, Seems argued that his case should be dismissed because the State had not presented any evidence of his prior convictions, which were necessary for a felony DUI. The magistrate court dismissed the case. The district court affirmed the magistrate court's dismissal of the

case. The State appealed to this court, arguing that it was not required to present evidence of Seems' prior convictions at the preliminary hearing.

On appeal, this court affirmed the district court's dismissal of the charge, stating:

"To establish the basis for charging and trying a defendant for a felony, a determination of probable cause to believe that a felony has been committed must be made pursuant to K.S.A. 2002 Supp. 22-2902(3). This probable cause determination is made by a judge after a preliminary hearing. Without a showing that the necessary prior convictions have occurred, the trial court would lack the jurisdiction to try the defendant for a felony.

. . . .

"In order to prosecute a defendant under K.S.A. 8-1567(f), a felony, there must first be a preliminary hearing finding of probable cause to believe that the necessary prior convictions have occurred." 31 Kan. App. 2d at 797.

This court's decision in *Seems* was affirmed by our Supreme Court in 277 Kan. 303. There, our Supreme Court cited K.S.A. 2003 Supp. 22-2902(3) that related to preliminary examination procedure which states in part that "a defendant shall be bound over if the evidence shows that a felony has been committed and there is probable cause to believe that the felony has been committed by the defendant." Determining that the State's failure to present evidence of two prior DUI convictions at the preliminary hearing required the defendant to be discharged because there had been no evidence of the commission of a felony, our Supreme Court stated:

"A defendant charged with felony driving while under the influence under K.S.A. 8-1567(f) is entitled to a preliminary hearing. Before a defendant so charged may be bound over for trial, the State must present sufficient evidence to establish that a felony has been committed and that there is probable cause to believe that a felony has been committed by the defendant. Failure of the State to present evidence of two prior driving while under the influence convictions, as required to establish a felony under K.S.A. 8-1567(f), requires discharge of the defendant for there has been no evidence presented that a felony has been committed under K.S.A. 2003 Supp. 22-2902(3)." 277 Kan. 303, Syl. ¶ 3.

The State attempts to distinguish *Seems* by suggesting that Moore's motion to dismiss was untimely under K.S.A. 22-3208 and

that the doctrine of waiver is applicable in this situation. K.S.A. 22-3208(3) states:

"Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than that it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. *Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.* Lack of jurisdiction or the failure of the complaint, information or indictment to charge a crime shall be noticed by the court at any time during the pendency of the proceeding." (Emphasis added.)

K.S.A. 22-3208(4) requires that the motion to dismiss shall be made before arraignment or within 20 days after the plea is entered. The trial court may expand this time period "when it shall find that the grounds therefor were not known to the defendant and could not with reasonable diligence have been discovered by the defendant" within the applicable time period. K.S.A. 22-3208(4).

In his motion to dismiss, Moore seems to be challenging the jurisdiction of the trial court, relying on the *Seems* decision. Under K.S.A. 22-3208(4), lack of jurisdiction shall be noticed by the court at any time throughout the pendency of the proceeding. Although this court's decision in *Seems* indicated that there was a jurisdictional defect, our Supreme Court stated that there had been a lack of evidence of the defendant's two prior DUI convictions necessary to establish that a felony had been committed. Our Supreme Court's decision in *Seems* fails to hold that this issue is jurisdictional, which can be raised at any time. See *State v. Huff*, 33 Kan. App. 2d 942, 111 P.3d 659 (2005) (applying waiver doctrine where defendant failed to file motion to dismiss in district court but argued on appeal that there was insufficient evidence at preliminary hearing to bind him over for trial and that district court lacked jurisdiction to proceed).

Here, it is apparent that Moore's argument raised in his motion to dismiss was actually a challenge to the sufficiency of the first preliminary hearing. Thus, he needed to follow the requirements of K.S.A. 22-3208, which included the time limitation of filing his

motion within 20 days after his plea was entered. See *State v. McClain*, 258 Kan. 176, 185, 899 P.2d 993 (1995) (stating that sufficiency of preliminary hearing may be challenged only by motion to dismiss or to grant other appropriate relief under K.S.A. 22-3208 and that failure to file motion within 20 days of arraignment constitutes waiver and precludes appellate review).

In the instant case, Moore entered his plea on July 16, 2003. Moore filed his motion to dismiss on September 22, 2003, well over 20 days after the time he entered his plea. Although the trial court addressed and decided Moore's untimely motion, it never made the findings necessary under K.S.A. 22-3208(4) to expand the time limitations. Moreover, it is apparent that such findings were inapplicable here. Although this court's decision in *Seems* was filed on August 8, 2003, after Moore entered his plea, he allowed 45 days to elapse before he filed his motion to dismiss. Consequently, Moore has waived any challenge that he might have had to the sufficiency of the first preliminary examination.

Moreover, as the State points out, it did assert at the first preliminary hearing that Moore had two prior DUI convictions. At the close of the State's evidence at the first preliminary hearing, the State made the following assertion: "We do proffer to the court that the defendant was convicted on two prior occasions of DUI in Johnson County." Moore's attorney responded: "No objection for purposes of preliminary hearing of that proffer." The response by Moore's attorney was a qualified stipulation to Moore's prior DUI convictions for the purpose of preliminary hearing. Black's Law Dictionary 1455 (8th ed. 2004) defines "stipulation" as "[a] voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding." Because there had been a qualified stipulation to Moore's prior DUI convictions, the evidence at the first preliminary hearing was sufficient to establish probable cause to believe that Moore had committed a felony. Therefore, Moore's argument fails.

*Sufficiency of the Evidence*

Next, Moore contends that there was insufficient evidence presented at trial to convict him of DUI. When the defendant chal-

lenges the sufficiency of the evidence in a criminal case, we review all of the evidence viewed in the light most favorable to the prosecution, and determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Calvin*, 279 Kan. 193, 198, 105 P.3d 710 (2005). An appellate court's review of the sufficiency of the evidence includes circumstantial evidence, which can support even the gravest convictions. *Huff*, 33 Kan. App. 2d at 945.

Moore was convicted of felony DUI under K.S.A. 2005 Supp. 8-1567 by operating or attempting to operate "a vehicle while under the influence of alcohol to a degree that rendered him incapable of safely driving a vehicle and he had two or more prior convictions for driving under the influence of alcohol or drugs." Moore asserts that there was no evidence presented at trial which would prove beyond a reasonable doubt that he was operating a vehicle while intoxicated to a degree that rendered him incapable of safely driving a vehicle.

Nevertheless, we determine that there was ample evidence presented at trial to find Moore guilty of DUI beyond a reasonable doubt. Although Moore maintains that the deputies never saw him driving his truck and that he told them several times he had not been driving his truck, Moore also told the deputies that he had been driving his truck at the time of the accident. The evidence established that Moore had driven his truck off the end of a dead end road and approximately 100 to 200 yards through an open field before realizing that he was in the wrong place. While attempting to turn his truck around, he got stuck in the muddy field. Moore attempted to call a tow truck but mistakenly called 911. When the deputies arrived, Moore had an odor of alcohol, slurred speech, difficulty communicating, and delayed actions. Moore told the deputies that he had been drinking at a nearby bar, that he had not had anything to drink since leaving the bar, and that he did not have any open containers in his truck. Moore admitted that he would not pass field sobriety tests and refused to take them. Moore then resisted the officers' efforts to arrest him.

In arguing that the evidence was insufficient to convict him of felony DUI, Moore points out that he told the deputies that he

had not had anything to drink since leaving the bar and that no field sobriety tests and no blood or breath alcohol tests were performed. Nevertheless, these factors actually weigh against Moore's argument. Field sobriety tests were not administered because Moore refused to perform such tests. See *Huff*, 33 Kan. App. 2d at 946 (indicating that a court can consider a defendant's refusal to submit to field sobriety tests when determining whether the defendant is guilty of DUI). In fact, Moore stated that he would not pass field sobriety tests. Moreover, Moore's admission that he had not had anything to drink since leaving the bar only supported the conclusion that he was intoxicated at the time he was driving his truck and became stuck in the field. The evidence indicated that Moore, who had stayed at the location of the accident, was intoxicated when the deputies arrived.

After reviewing all of the evidence, viewed in the light most favorable to the State, we determine that a rational factfinder could have found Moore guilty of DUI under K.S.A. 2005 Supp. 8-1567 beyond a reasonable doubt.

*Illegal Sentence*

Finally, Moore maintains that his sentence was illegal based on this court's decision in *State v. Dyke*, 33 Kan. App. 2d 167, 100 P.3d 972 (2003). Our review is unlimited on the question of whether a sentence is illegal. *State v. Huff*, 277 Kan. 195, 199, 83 P.3d 206 (2004). An illegal sentence is a sentence imposed by a court lacking jurisdiction, a sentence that fails to conform to the statutory provision in either the character or term of punishment, or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Mebane*, 278 Kan. 131, 134, 91 P.3d 1175 (2004).

In *Dyke*, Dyke was charged with one count of DUI. The complaint failed to reference either K.S.A. 8-1567(f) or (g) but rather charged Dyke with DUI "after having been convicted of this same offense at least two times previously." 33 Kan. App. 2d at 169. Dyke entered into a plea agreement with the State and pled guilty to the DUI offense. The trial court fined Dyke $1,500 and sentenced him to 90 days in jail after which he would be placed on probation and

enter alcohol counseling. The prosecutor then pointed out that although Dyke was convicted of a third DUI, he had four prior convictions, making the fine $2,500. The trial court agreed it was Dyke's fourth DUI conviction and imposed a fine of $2,500. The presentence investigation report actually showed that Dyke had five prior DUI convictions.

Dyke appealed, arguing that the trial court lacked jurisdiction to find him guilty of or sentence him for a fourth DUI. In addressing Dyke's argument on appeal, this court cited *State v. Horn*, 20 Kan. App. 2d 689, 692, 892 P.2d 513, *rev. denied* 257 Kan. 1094 (1995), for the rule that if a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented. 33 Kan. App. 2d at 169-70. This court held that although there was enough evidence to prove that it was Dyke's sixth DUI offense, the trial court lacked jurisdiction to sentence Dyke for a fourth DUI offense. 33 Kan. App. 2d at 170.

Another panel of this court has disagreed with the *Dyke* decision, stating that "while *Dyke* reached the correct result, it did so for the wrong reason when it based its decision on lack of jurisdiction as opposed to lack of due process." Slip op. at 7, *State v. Wheeler*, No. 92,428, unpublished opinion filed July 22, 2005. We agree and determine that the issue in this case concerns whether there was a lack of due process and not whether there was a lack of jurisdiction. The question of what process is due in a given case presents a question of law over which an appellate court exercises unlimited review. *State v. Wilkinson*, 269 Kan. 603, 609, 9 P.3d 1 (2000); *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997).

The *Wheeler* court relied on *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996). There, Masterson was charged in an amended complaint with DUI as a class B misdemeanor, which corresponded with a first-time DUI offense under K.S.A. 1995 Supp. 8-1567. Masterson was later convicted of this offense. At sentencing, the State requested that Masterson be sentenced as a second-time DUI offender due to a prior DUI diversion, arguing that prior

DUI offenses were only relevant for sentencing purposes and that the level of the offense need not be charged in the complaint. The trial court rejected the State's argument and sentenced Masterson as a first-time DUI offender to a class B misdemeanor.

On appeal, our Supreme Court pointed out that K.S.A. 22-3201(c) required that a complaint, information, or indictment allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale. Explaining that because different crime classifications were specified in K.S.A. 1995 Supp. 8-1567, the court determined that due process required that a defendant be notified in the complaint of the severity level of a charged DUI offense, that is, class B misdemeanor, class A misdemeanor, or nonperson felony. Our Supreme Court stated, however, that proof of a prior conviction is not an element of DUI required to be established at trial and need not be brought out until the sentencing phase. Under the facts of that case, Masterson, who had been charged with and convicted of a class B misdemeanor for DUI under K.S.A. 1995 Supp. 8-1567(d), could not be sentenced for a higher severity level offense under K.S.A. 1995 Supp. 8-1567. Our Supreme Court stated that "Masterson should have the right to know before trial the severity level of the crime being charged. His right to a jury trial will be affected. [Citation omitted.]" 261 Kan. at 164.

In *State v. Larson*, 265 Kan. 160, 958 P.2d 1154 (1998), our Supreme Court considered and clarified the "right to know" language set out in *Masterson*. There, the complaint charged Larson with DUI but failed to allege the crime severity level. After he was convicted, Larson moved for arrest of judgment, arguing that the complaint was fatally defective because the State failed to allege the crime severity level of the DUI offense. Relying on *Masterson*, the trial court set aside the judgment and dismissed the complaint.

On appeal, our Supreme Court held that the failure to include the crime severity level of the DUI offense in the complaint did not render the conviction void. Rather, the sentence would be restricted to a class B misdemeanor, the lowest crime severity level for DUI. The *Larson* court noted that in *Masterson*, the State attempted to "up the ante" after conviction by arguing that Master-

son should have been sentenced to a class A misdemeanor when he had been convicted on a complaint charging a class B misdemeanor. Our Supreme Court stated that there had been no attempt to "up the ante" in *Larson*, pointing out that the State contended it only sought to have Larson sentenced to a class B misdemeanor.

Turning our attention to the present case, the State declared the precise ante: It charged Moore as a third-time DUI offender. Moore was charged with DUI after having two or more prior DUI convictions, a nonperson felony. At the preliminary hearing stage, the State asserted that Moore had two prior DUI convictions. The complaint and the State's representations at the preliminary hearing indicated that Moore was being prosecuted as a third-time DUI offender under K.S.A. 2005 Supp. 8-1567(f).

Nevertheless, the journal entry of sentencing states that Moore was sentenced as a sixth-time DUI offender. Moore was fined $2,500 and sentenced to 6 months in jail with a 12-month postrelease supervision period with the DOC. The 12-month postrelease supervision period is mandatory for fourth and subsequent DUI offenses but is not a requirement for third DUI offenses. See K.S.A. 2005 Supp. 8-1567(f) and (g). Moreover, fourth and subsequent DUI offenses require a $2,500 fine whereas third DUI offenses require a fine between $1,500 and $2,500. See K.S.A. 2005 Supp. 8-1567(f) and (g).

It is apparent that Moore was sentenced under the provisions of K.S.A. 2005 Supp. 8-1567(g), which apply to fourth or subsequent DUI convictions and carry greater penalties than those for third DUI convictions under K.S.A. 2005 Supp. 8-1567(f). Nevertheless, Moore received notice before conviction indicating that he was being charged with a nonperson felony DUI as only a third-time offender. Was this notice sufficient to sentence him as a sixth-time DUI offender under the harsher penalty provisions of K.S.A. 2005 Supp. 8-1567(g)?

The State would answer yes. At oral argument, the State cited the recent decision of this court in *State v. Moody*, 34 Kan. App. 2d 526, 120 P.3d 1156 (2005), to support its position that Moore was properly sentenced as a sixth-time DUI offender. Nevertheless, Moody has petitioned our Supreme Court for review of the

decision and thus no mandate has been issued in the case. Therefore, *Moody* may be subject to review or rehearing. Furthermore, *Moody* is factually distinguishable from the instant case because Moody pled guilty to DUI and was informed of the maximum penalty for a fourth DUI offense before she was convicted. Here, Moore did not plead guilty to DUI and was never informed of the maximum penalty for a fourth or subsequent DUI offense before he was convicted.

The State contends that it should have a raincheck to "up the ante" because due process only required that Moore receive notice in the information or complaint of the severity level of the DUI offense being charged: a nonperson felony. Moreover, the State correctly asserts that the complaint charged Moore with a nonperson felony. Consequently, the State maintains that due process was satisfied in this case. We disagree.

It is inconsistent for the State to contend on the one hand that it can charge and convict Moore as a third-time DUI offender and on the other hand that he should be sentenced as a fourth or subsequent DUI offender. If the State's contention is accepted, Moore will receive a harsher sentence for an offense different from that with which he was charged and of which he was convicted. To accept the State's contention, this court will have to determine that K.S.A. 2005 Supp. 8-1567(f) and K.S.A. 2005 Supp. 8-1567(g) are not separate offenses. Moreover, if they are not separate offenses, they are not separate for punishment purposes.

Nevertheless, it is apparent that although K.S.A. 2005 Supp. 8-1567(f) and K.S.A. 2005 Supp. 8-1567(g) have the same severity level, a nonperson felony, the legislature intended to treat them as separate offenses because it mandated separate punishments for them. Even if K.S.A. 2005 Supp. 8-1567(f) and K.S.A. 2005 Supp. 8-1567(g) are not separate offenses, Moore's lack of notice that he would be sentenced under the harsher penalties of subsection (g) if he was convicted as a third-time offender would be a departure from due process. In *Wheeler*, No. 92,428, where Wheeler pled guilty to felony DUI, the panel concluded that due process requires that a defendant charged with DUI receive notice of the crime

classification with which he or she is charged *and of the penalties that could result.* Slip op. at 10.

Moreover, in a similar decision, Justice Allegrucci reached the same conclusion. In agreeing that the defendant's due process rights had been violated in *State v. Thompkins,* 263 Kan. 602, 625, 952 P.2d 1332 (1998), Justice Allegrucci stated in a concurring opinion:

"This court has held that felony murder and premeditated murder are not separate offenses but, rather, alternative means of committing first-degree murder. By providing for different punishments [for premeditated murder and felony murder], for the 'same offense,' the legislature has brought into question that decision . . . . I am not prepared to find that premeditated murder and felony murder are separate offenses, but the 1994 changes affect the determination of whether Thompkins' due process rights were violated."

Here, once the State had committed itself (as it had during the preliminary hearing phase) to try Moore as a third-time DUI offender, it was a violation of procedural due process for the State to "up the ante" after Moore's conviction by arguing that Moore should be sentenced as a fourth-time or subsequent DUI offender. Under *Masterson* and *Larson,* the State forfeited the right to "up the ante" after Moore was convicted as a third-time DUI offender. Recognizing the ease that the State would have in obtaining a defendant's driving record, Justice Six stated in *Masterson:* "Masterson's driving records could have been obtained before trial and the complaint amended to charge him with a class A misdemeanor." 261 Kan. at 163-64.

In summary, sentencing Moore as a sixth-time offender under K.S.A. 2005 Supp. 8-1567(g) when he had received notice that he was being charged as a third-time DUI offender constitutes "upping the ante" against Moore. Fourth and subsequent DUI convictions are punished more harshly than third DUI convictions. See K.S.A. 2005 Supp. 8-1567(f) and (g). Based on the disparate penalties between third DUI convictions and fourth and subsequent DUI convictions, due process requires that the defendant receive notice of the particular subsection under which the defendant is being charged. If the defendant is never notified of the particular subsection which is being charged but is simply informed that a

nonperson felony under K.S.A. 2005 Supp. 8-1567 is being charged, *Masterson* and *Larson* dictate that the defendant must be sentenced as a third-time offender under K.S.A. 2005 Supp. 8-1567(f). Because the record indicates that Moore received notice that he was being charged only as a third-time offender prior to his conviction, we determine that Moore must be resentenced as a third-time DUI offender under K.S.A. 2005 Supp. 8-1567(f).

Conviction affirmed, sentence vacated, and remanded for resentencing.