NOT DESIGNATED FOR PUBLICATION

No. 120,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY JOSEPH BAKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Edwards District Court; BRUCE T. GATTERMAN, judge. Opinion filed December 20, 2019. Affirmed.

*Terry J. Malone*, of Williams-Malone, P.A., of Dodge City, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Anthony Baker appeals his conviction for driving under the influence, arguing the State failed to present sufficient evidence to prove he was intoxicated to an extent that rendered him incapable of safely driving. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Officer Zane Martin pulled over Baker in Edwards County, Kansas, for failing to use his turn signal. Officer Martin told Baker why he had stopped him and observed that Baker's eyes were watery and bloodshot. Baker fumbled with his wallet for about two minutes as he tried to retrieve his driver's license. Officer Martin asked Baker if he had

1

consumed any alcohol before driving, and Baker stated he had not. Baker consented to undergo standardized field sobriety tests. While stepping out of his truck to perform the tests, Baker admitted to having drunk a beer earlier in the evening.

During the field sobriety tests, Officer Martin noted several indicators suggesting Baker's intoxication. On the walk-and-turn test, Baker could not keep his balance during the instructions phase, stepped off the line, failed to touch his heel to his toe several times, and took eight steps instead of nine. During the one-leg-stand test, Baker put his foot down several times and swayed significantly.

Baker also consented to a preliminary breath test. Officer Martin arrested Baker, and another officer, Officer Jeremy Jarvis, took Baker to a hospital. Although Officer Martin stated he has trouble smelling alcohol during traffic stops, Officer Jarvis smelled alcohol emanating from Baker while taking him to the hospital. Once at the hospital, Baker refused to consent to a blood draw.

The State charged Baker with driving under the influence of alcohol. After a bench trial, the district court found him guilty. The court sentenced Baker to a suspended five-day sentence, followed by one year of probation, and assessed a $1,250 fine.

On appeal, Baker claims the court lacked sufficient evidence to convict him of driving under the influence. In particular, Baker claims the State did not present evidence that he was under the influence of alcohol to a degree that rendered him incapable of safely driving.

## DISCUSSION

When a defendant challenges the sufficiency of the evidence to support his or her conviction, an appellate court will not set that conviction aside for insufficient evidence if

2

the court is convinced a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). In making this determination, appellate courts "'review[] all the evidence in a light most favorable to the prosecution.'" 307 Kan. at 668. We "'do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.'" 307 Kan. at 668.

Nevertheless, "there must be evidence supporting each element of a crime." *State v. Kettler*, 299 Kan. 448, 471, 325 P.3d 1075 (2014). The State bears the burden of proving each element. In doing so, the State need not rely on direct evidence. Instead, circumstantial evidence may be sufficient to support a conviction. *Chandler*, 307 Kan. 657, Syl. ¶ 3. A guilty verdict—even for the gravest of crimes—may be supported entirely by circumstantial evidence as long as there is evidence as to each element of the crime and an evidentiary basis for any reasonable inferences by the fact-finder. *State v. Lowery*, 308 Kan. 1183, 1236, 427 P.3d 865 (2018). Circumstantial evidence need not exclude every other reasonable conclusion to be sufficient. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

Driving under the influence is defined, in relevant part, as "operating or attempting to operate any vehicle within this state while . . . under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2018 Supp. 8-1567(a)(3). To find Baker guilty, the district court was required to find: (1) Baker operated the vehicle (2) while he was under the influence of alcohol to an extent rendering him incapable of safely driving (3) in Edwards County, Kansas. See PIK Crim. 4th 66.010 (2018 Supp.). The only dispute in this appeal is whether there was sufficient evidence of the second element—whether Baker was incapable of safely driving his truck.

The evidence presented at trial showed Baker's eyes were bloodshot and watery. He fumbled with his wallet for about two minutes before he was able to retrieve his

license. He smelled like alcohol. He failed the standard sobriety tests in numerous ways—failing to keep his balance, stepping off the line, failing to touch his heel to his toe, and miscounting steps during the walk-and-turn test, and swaying significantly during the one-leg-stand test. And Officer Martin observed Baker fail to use his turn signal twice while he was driving.

Baker does not argue that he passed these sobriety tests. Instead, he argues that each of these facts can give rise to innocent inferences that might negate his guilt. He argues that because the State failed to produce evidence refuting each of the innocent explanations he provides, the evidence was insufficient to convict him of DUI. We disagree.

It is not our role on appeal to reweigh the evidence or reassess credibility. Instead, in order to give proper deference to the important role the fact-finder plays in evaluating the testimony and other evidence presented below, we review the evidence—and reasonable inferences drawn therefrom—in the light most favorable to the State. See *State v. Kane*, 57 Kan. App. 2d __, __ P.3d __, (No. 119,749, filed November 27, 2019), slip op. at 6. This court has previously recognized several of the indicators in Baker's case as evidence of impairment. See *State v. Wahweotten*, 36 Kan. App. 2d 568, 570, 143 P.3d 58 (2006) (defendant's bloodshot eyes and slurred speech); *State v. Moore*, 35 Kan. App. 2d 274, 283, 129 P.3d 630 (2006) (defendant's difficulty communicating, delayed actions, and odor of alcohol); *State v. Huff*, 33 Kan. App. 2d 942, 945-46, 111 P.3d 659 (2005) (defendant's erratic driving, bloodshot eyes, fumbling to find his driver's license, and the odor of alcohol formed a substantial basis for his conviction).

We conclude that the evidence presented at trial provides ample bases that Baker was under the influence of alcohol to such an extent that he was incapable of safely driving. That Baker smelled like alcohol and had watery, bloodshot eyes suggests he had been drinking. That he struggled to find his license in his wallet and failed to follow

4

instructions during the field sobriety tests suggests he was inebriated. That he had trouble keeping his balance and swayed significantly suggests he was significantly intoxicated— and could not safely drive his truck. Accord *Logsdon*, 304 Kan. at 25 (circumstantial evidence "'tends to prove a fact in issue by proving other events or circumstances which, according to the common experience of mankind, are usually or always attended by the fact in issue'"). These reasonable inferences are sufficient to support Baker's conviction.

Affirmed.